UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DRUMMER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1170 AGF |
| | ) | |
| CORIZON CORRECTIONAL HEALTH CARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint under 28 U.S.C. § 1915(e). The complaint is defective for several reasons. Because plaintiff is pro se, the Court will allow him to file an amended complaint. Additionally, plaintiff must file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and state law. Named as defendants are Corizon, Inc., Dr. Reynal L. Caldwell, Dr. M. Mallard, and Jerome Edwards.

Plaintiff claims that in August 2015 he suffered a rotator cuff injury. He was seen by an outside doctor, who told him he needed corrective surgery. Plaintiff says he was not taken to have the surgery and that he has not healed properly as a result. He also says that defendants gave him a heart medicine, Nitrostat (nitroglycerine), for the shoulder injury, rather than pain medicine. He claims that the Nitrostat gave him severe chest pain.

## Discussion

First, plaintiff has not properly alleged the personal involvement of any of the defendants. He must state how each and every defendant was directly responsible for the alleged medical mistreatment. It is not enough to allege that "defendants" refused to treat his injuries. A federal complaint must contain the "who, what, when and where" of what happened, and each defendant must be linked to a particular action. Additionally, plaintiff must state whether he is suing defendants in their individual or official capacities, or both. As a result, the complaint does not state a claim against Edwards, Caldwell, or Mallard.

Second, to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). There are no allegations of an official policy leading to plaintiff's injuries. Therefore, the allegations against Corizon are frivolous.

Finally, a prisoner seeking leave to proceed in forma pauperis must file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must file an amended complaint, and a copy of his account statement, within twenty-eight (28) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

Dated this 25th day of July, 2016.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE