# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DRUMMER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1170 AGF |
| | ) | |
| CORIZON CORRECTIONAL HEALTH | ) | |
| CARE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $17, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will direct the Clerk to serve process on defendants Reynal Caldwell and M. Mallard.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against Corizon, Dr. Reynal Caldwell, and Dr. M. Mallard. Plaintiff injured his right shoulder during his arrest by St. Louis police officers in August 2015. He was taken to Barnes-Jewish Hospital. Plaintiff's shoulder was X-rayed, and it was determined that he had a torn rotator cuff.

Plaintiff was detained in the St. Louis City Justice Center from about August 10, 2015, through August 25, 2015. He had been scheduled for an appointment at Barnes, but he says prison officials "didn't or couldn't find Barnes Jewish Clinic at this time."

Plaintiff was then processed into the St. Louis Medium Security Institution. After he arrived, he did not receive any medications for twenty-one days. On September 9, 2015, he was taken to the clinic at Barnes to see his doctor. The doctor told him he needed surgery, and the correctional officers accompanying plaintiff gave the doctor Mallard's phone number to schedule the surgery.

Plaintiff saw Mallard for the first time on September 16, 2015. He told Mallard he was having right sided chest pains due to his shoulder injury. He told her he was not able to sleep because of the constant pain. Mallard told him she would retrieve the X-rays and set a date for surgery. She prescribed a muscle relaxer and gave him the instructions for post-surgery therapy.

He continued to complain about his pain and a nurse gave him some TUMS. He kept complaining until he was seen on November 19, 2016. A nurse gave him some indigestion medication. He told her he did not have indigestion and the pain was coming from his shoulder.

He saw the nurse again. She informed him that Mallard had prescribed the indigestion medication. She said she would inform Mallard about the injury again. She also told him that they had recently let another inmate go because they did not want to pay for her surgery.

Plaintiff saw defendant Caldwell on December 1, 2015. He told Caldwell about his rotary cuff injury, that he was not healing correctly, and that he was still waiting to go to surgery. Dr. Caldwell gave him nitroglycerin for his chest pain. Plaintiff has never had heart problems, however.

Plaintiff saw Mallard on December 8, 2015. He reminded her about his injuries, and she told him to stop taking the nitroglycerin. She acted like she did not know about his injury and did an EKG test. She also gave him pain medicine.

Plaintiff filed several medical requests in January and February 2016, but he was not treated.

On February 24, 2016, plaintiff returned to Barnes where he was given a second X-ray. The doctor told him that too much time had passed since the injury and that his shoulder was healing incorrectly.

On April 21, 2016, plaintiff saw Mallard, and she told him she wanted to send him out for a second opinion. She also told him she was going to start giving him pain medications, which he had not been receiving for several months.

Plaintiff's complaint "is against both the individuals Dr. Caldwell and Dr. Mallard and the official capacities of Corizon, Inc."  The Court construes this to mean plaintiff sues Caldwell and Mallard in their individual capacities.

## Discussion

The complaint states a plausible claim for relief against both Mallard and Caldwell.  As a result, the Court will require these defendants to respond to the complaint.

In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993).    Plaintiff has not made such an allegation, and so, the Court will dismiss Corizon without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $17 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process on defendants Reynal Caldwell and M. Mallard in accordance with the Court's agreement with Corizon, Inc.

---

[1] Prisoners must pay the full amount of the $350 filing fee.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.  28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that defendant Corizon Correctional Health Care is **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 8th  day of September, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE