UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LAWRENCE DRUMMER JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-01170-AGF |
| | ) | |
| CORIZON, LLC, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Lawrence Drummer Jr.'s motion for more definite statement and motion to strike the Corizon Defendants'[1] affirmative defenses. ECF No. 66. The Corizon Defendants oppose the motion. For the reasons set forth below, the motion will be denied.

### BACKGROUND

Plaintiff filed this pro se prisoner civil rights action on July 18, 2016. ECF No. 1. On November 10, 2016, the Court granted Plaintiff's request to appoint counsel, and on January 2, 2018, counsel filed an amended complaint. ECF No. 54. On January 23,

---

[1] The Corizon Defendants include Corizon, LLC, Reynal Caldwell, M.D., Brenda Mallard, M.D., Fe Fuentes, M.D., Beverly Hatcher, Roschell Norton, Richard White, Angie Wyatt, LaCinda Jones, and Danyelle Sullivan. Several other defendants have been named in the lawsuit, but have not answered.

2018, the Corizon Defendants filed their joint answer and affirmative defenses.[2]  ECF No. 60.

Plaintiff then filed this motion for more definite statement and motion to strike certain affirmative defenses.  Specifically, Plaintiff asks the Court to strike affirmative defense 1, which asserts that this cause of action violates the Corizon Defendants' right to due process; affirmative defense 2, which asserts that Plaintiff's second amended complaint fails to state a claim for which relief can be granted; affirmative defense 5, which asserts that this lawsuit is frivolous within the meaning of 28 U.S.C. § 1915(d); affirmative defenses 8 and 9, which concern punitive damages; and affirmative defense 16, which reserves the Corizon Defendants' right to introduce evidence on any other defense that may become appropriate through discovery.  Plaintiff argues that these affirmative defenses are conclusory allegations or mere conclusions of law without supporting facts, which violates Federal Rule of Civil Procedure 8(b).

Plaintiff also seeks an order from the Court directing the Corizon Defendants to provide a more definite statement as to affirmative defenses 3 and 4 on similar grounds. Affirmative defense 3 asserts that Plaintiff has failed to join all parties under Federal Rule of Civil Procedure 19, and affirmative defense 4 claims that Plaintiff's own negligence contributed to his injuries.

---

[2]  The Court appointed four different attorneys to represent Plaintiff, all of whom either withdrew their representation due to a conflict or were removed from representation by the Court.  Plaintiff is now represented by counsel appointed on August 14, 2017.  ECF No. 39.

The Corizon Defendants oppose the motion, arguing that the affirmative defenses contained a short and plain statement showing that they are entitled to each defense, which is all that is required by the Federal Rules of Civil Procedure.

### DISCUSSION

Motion to Strike

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike an affirmative defense should not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." *Morgan v. Midwest Neurosurgeons, LLC*, No. 1:11-CV-37 CEJ, 2011 WL 2728334, at *2 (E.D. Mo. July 12, 2011). A motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. *Id.* "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Id*.

Here, it cannot be said that the Corizon Defendants' defenses could not succeed as a matter of law or that they are wholly immaterial. Further, Plaintiff has not shown that the inclusion of their affirmative defenses in their pleadings prejudices Plaintiff in any way, and the Court finds no reason to believe that such prejudice would exist. Thus, the motion to strike will be denied.

Motion for More Definite Statement

Motions for more definite statement are governed by Federal Rule of Civil Procedure 12(e), which states, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Hayden v. United States*, No. 4:12 CV 2030 DDN, 2013 WL 5291755, at *2 (E.D. Mo. Sept. 19, 2013). "Rule 12(e) motions are generally disfavored, particularly when discovery will clarify the issues." *Id.*

Here, Plaintiff takes issue with affirmative defenses 3 and 4, which state, respectively, that Plaintiff's second amended complaint fails to state a claim upon which relief could be granted and that Plaintiff's own negligence contributed to the injuries alleged in the second amended complaint. Although not detailed, these are short, plain statements that are not so unintelligible as to deprive Plaintiff of fair notice. Instead, these statements may be clarified during discovery. Thus, the motion for more definite statement will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Lawrence Drummer Jr.'s motion for more definite statement and motion to strike the Corizon Defendants' affirmative defenses is **DENIED**.  ECF No. 66.

Dated this 14th day of May, 2018.

                                                  */s/ Audrey G. Fleissig*
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE