UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DRUMMER JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-01170-AGF |
| | ) | |
| CORIZON, LLC, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss Count IV of Plaintiff's second amended complaint filed by Defendants Corizon, LLC., Reynal Caldwell, M.D., Brenda Mallard, M.D., Fe Fuentes, M.D., Beverly Hatcher, Roschell Norton, Richard White, Angie Wyatt, LaCinda Jones, and Danyelle Sullivan (hereafter referred to as "Corizon Defendants"). For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiff filed this pro se prisoner civil rights action on July 18, 2016. ECF No. 1. On November 10, 2016, the Court granted Plaintiff's request to appoint counsel, and on January 2, 2018, counsel filed an amended complaint.[1] ECF No. 54. The amended complaint contains allegations under 42 U.S.C. § 1983 for violations of the Eighth Amendment and Plaintiff's right to due process, as well as a state law claim for

---

[1] The Court appointed four different attorneys to represent Plaintiff, all of whom either withdrew their representation due to a conflict or were removed from representation by the Court. Plaintiff is now represented by counsel appointed on August 14, 2017. ECF No. 39.

negligence. On January 23, 2018, the Corizon Defendants filed their joint answer and affirmative defenses. ECF No. 60.

The Corizon Defendants now move to dismiss Plaintiff's Missouri state law negligence claim contained in Count IV, which alleges that Plaintiff was a patient of the Corizon Defendants, who breached their duty to provide reasonable medical care and treatment for Plaintiff's right rotator cuff tear. In their motion to dismiss, the Corizon Defendants assert that Plaintiff failed to file the requisite expert affidavit within the time limits set by Missouri statute. Plaintiff responds that filing the affidavit has been impossible due to the Corizon Defendants' own unwillingness to provide Plaintiff with their Rule 26 disclosures or other discovery.

## STANDARD OF REVIEW

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id*.; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

# DISCUSSION

Section 538.225, Missouri Revised Statutes, requires a plaintiff to file an affidavit attesting to the merits of any action against a health care provider. *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 331 (Mo. 2011) (en banc). The relevant portions of Section 538.225 provide:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
> . . .
>
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

Mo. Rev. Stat. § 538.225.

"The language of section 538.225 unambiguously requires: (1) plaintiffs to file an affidavit in medical negligence cases; and (2) trial courts to dismiss without prejudice any such action if the affidavit is not filed." *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-CV-1513 CAS, 2016 WL 3683000, at *2 (E.D. Mo. July 12, 2016), appeal dismissed (Nov. 30, 2016) (citing *Lang v. Goldsworthy*, 470 S.W.3d 748, 751 (Mo. 2015) (en banc)). Upon a well-taken motion under the statute, dismissal is

3

mandatory, not discretionary. *Thomas v. Miller*, 447 S.W.3d 667 (Mo. Ct. App. 2014) (citing *SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 281 (Mo. Ct. App. 2007)). The statute applies to dismiss Missouri state law claims involving personal injury related to the rendering of, or failure to render, health care services brought in federal court. *See Moore v. Ernest-Jackson*, 16 F. App'x 517, 518 (8th Cir. 2001).

Here, Plaintiff concedes that he has not filed the health care affidavit required by Section 538.225. Although Plaintiff has been unable to secure the affidavits due to the Corizon Defendants' failure to produce any discovery to date, he has not identified any exception to the statute's mandate that an action be dismissed where the plaintiff has failed to file the requisite affidavit within the time periods prescribed.[2] Therefore, the motion to dismiss Count IV will be granted.[3] Pursuant to the statute, the dismissal is without prejudice.

## CONCLUSION

Accordingly,

---

[2] Although the statute allows the Court to give Plaintiff an extension to file the affidavit, the statute specifically provides that such extensions are not to exceed an additional 90 days. Mo. Rev. Stat. § 538.225(5). Here, more than 180 days have passed since the filing of the lawsuit.

[3] Section 538.225 does not apply to a plaintiff's federal constitutional claims under 42 U.S.C. § 1983. *See Moore v. Ernest–Jackson*, 16 Fed. Appx. 517, 518 (8th Cir. 2001) (although prisoner's state law claim was dismissed for failure to file health care affidavit, his § 1983 claim for delay in providing medical care went to jury); *Banks v. Jordon*, 1:05CV0139 TCM, 2006 WL 2349625 (E.D. Mo. Aug. 11, 2006) (Section 538.225 did not apply to prisoner's claims that defendants were deliberately indifferent to serious medical needs). Therefore, only Count IV will be dismissed.

**IT IS HEREBY ORDERED** that Defendants Corizon, LLC., Reynal Caldwell, M.D., Brenda Mallard, M.D., Fe Fuentes, M.D., Beverly Hatcher, Roschell Norton, Richard White, Angie Wyatt, LaCinda Jones, and Danyelle Sullivan's motion to dismiss Count IV of Plaintiff's second amended complaint is **GRANTED**. ECF No. 72. Count IV of Plaintiff's Second Amended Complaint is **DISMISSED without prejudice.**

Dated this 19th day of July, 2018.

                                           AUDREY G. FLEISSIG
                                           UNITED STATES DISTRICT JUDGE