IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LAWRENCE DRUMMER JR. | )<br>) |
| Plaintiffs, | ) Case No.: 4:16-cv-01170-AGF<br>) |
| v. | )<br>) |
| CORIZON, LLC et al., | )<br>) |
| Defendants. | )<br>) |

**DEFENDANT CORIZON, LLC'S ANSWERS AND OBJECTIONS
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

COME NOW Defendant, Corizon, LLC, by and through undersigned counsel, and for their Answers and Objections to Plaintiff's First Request for Production, hereby state as follows:

## REQUESTS

1. Any and all statements, memoranda of statements, tape recordings, transcripts of conversations, notes of conversations or similar documents, and videotapes of the Plaintiff relating to the incident at issue.

**RESPONSE:** To the Defendant's knowledge, no such documents exist.


2. Any and all statements, memoranda of statements, tape recordings, transcripts of conversations, notes of conversations or similar documents, and videotapes of any of the Defendants relating to the incident at issue.

**RESPONSE:** To the Defendant's knowledge, no such documents exist.

3. Transcripts, recordings, and/or summaries of statements from any person stating or claiming to have facts relevant to the subject incident and/or Plaintiff's injuries obtained by or available to Defendant before litigation.

**RESPONSE: To the Defendant's knowledge, no such documents exist.**

4. All photographs taken of the persons involved in the subject incident mentioned in Plaintiff's Complaint.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

5. Defendant's entire pre-litigation claim file and all claim documents regarding the subject incident and Plaintiff's claims.

**RESPONSE: Objection - Overbroad, unduly burdensome, protected by attorney-client privilege and work product doctrine.**

6. All pre-litigation Correspondence to or from Plaintiff or anyone else regarding this claim and/or the subject insurance policy.

**RESPONSE: To be supplemented, should it exist.**

7. All documentation regarding the job duties and responsibilities for all employees and agents of Defendant responsible for providing medical services from 2008 to present.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

8. All training manuals, standards, employee handbooks, materials and guidelines for employees and agents of Defendant responsible for providing medical services from 2008 to present.

**RESPONSE: To be supplemented, should they exist.**

9. All claims manuals, policies, procedures, memoranda, and training in effect since January 1, 2010, regarding the evaluation, investigation, and handling of medical complaints and injury claims by Defendant's employees and agents.

**RESPONSE: To be supplemented, should they exist.**

10. Defendant's mission statement(s) in effect since January 1, 2010.

**RESPONSE: To be supplemented, should it exist.**

11. Defendant's company code of ethics in place since January 1, 2010.

**RESPONSE: To be supplemented.**

12. All electronic evaluations and electronic complaint/claim logs regarding the claim arising from the subject incident.

**RESPONSE: Please refer to grievance and medical records.**

13. All pre-litigation correspondence between Defendant and any third-party, including but not limited to Plaintiff, regarding the subject incident.

**RESPONSE:** To be supplemented, should they exist.

14. All claims manuals, memorandum, policy statements, interoffice or inter-department memoranda, letters, and writings in effect since January 1, 2010 and related to:
    a. providing inmates surgery, medical screening tests, exams, or procedures;
    b. following recommendations, orders or requests from an inmate's physicians, both in and outside the facility;
    c. allowing or approving an inmate's requested medical care;
    d. transferring inmates to outside facilities and specialists for testing or treatment; and
    e. other related issues in this case.

**RESPONSE:** Objection – Overbroad, unduly burdensome, vague.

15. Copies of any and all documents related to your response to Interrogatory Number 19 of Plaintiff's First Interrogatories Directed to Defendant Corizon.

**RESPONSE:** To be supplemented.

16. Copies of any and all documents related to your response to Interrogatory Number 26 of Plaintiff's First Interrogatories Directed to Defendant Corizon.

**RESPONSE: Defendant will supplement if such standards and guidelines exist.**

17. All medical reports, records, charts, scans, videotapes, films or images in the possession, custody or control of defendant or defendant's agents, employees or representatives, including but not limited to parts of plaintiff's "hard chart," concerning the care, examination and treatment of plaintiff. This request includes records and electronic data made or received concerning Plaintiff such as, but not limited to, "meta data" or "audit trails," emails, appointment records, records of phone calls, requisition forms, records of other providers, Kardex records, Pyxis or similar medication administration records, billing records and other records, whether or not they are ordinarily maintained in the patient's medical record.

**RESPONSE: Please refer to medical records.**

18. All correspondence or notes of meetings/phone calls/conference to, from & with other physicians, hospitals or providers concerning and relating to the care, examination and treatment of plaintiff.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

19. All policies, procedures, written rules, regulations, practices, standard orders, medical staff bylaws, checklists, guidelines, forms and/or other documents in effect between 2008 and the present, which relate to offering or providing surgery to inmates.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

20. All policies, procedures, written rules, regulations, practices, standard orders, medical staff bylaws, checklists, guidelines, forms and/or other documents in effect between 2008 and the present, which relate to offering or providing medical screening tests, exams or procedures to inmates.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

21. All policies, procedures, written rules, regulations, practices, standard orders, medical staff bylaws, checklists, guidelines, forms and/or other documents in effect between 2008 and the present, which relate to decisions to follow recommendations, orders or requests from an inmate's physician.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

22. All policies, procedures, written rules, regulations, practices, standard orders, medical staff bylaws, checklists, guidelines, forms and/or other documents in effect between 2008 and the present, which relate to decisions to allow or approve an inmate's requested medical care.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

23. All policies, procedures, written rules, regulations, practices, standard orders, medical staff bylaws, checklists, guidelines, forms and/or other documents in effect between 2008 and the present, which relate to decisions to transfer inmates to outside facilities and specialists for testing or treatment.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

24. All documents regarding any additions, deletions, alterations, modifications and/or substitutions to policies, procedures, written rules, regulations, practices, standard orders, medical staff bylaws, checklists, guidelines, forms and/or other documents in effect between 2008 and the present, which relate to:
   a. offering or providing surgery to inmates;
   b. offering or providing medical screening tests, exams or procedures to inmates;
   c. decisions to follow recommendations, orders or requests from an inmate's physician;
   d. offering or providing pain and other medications to inmates;
   e. decisions to allow or approve an inmate's requested medical care; and

  f. decisions to transfer inmates to outside facilities and specialists for testing or treatment.

**RESPONSE:** **Objection – Overbroad, unduly burdensome.**

25. All policies, procedures, written rules, regulations, practices, standard orders, medical staff bylaws, checklists, guidelines, forms and/or other documents in effect between 2008 and the present, which relate to defendant's decision(s) to refuse surgery to plaintiff.

**RESPONSE:** **Objection – Overbroad, unduly burdensome.**

26. All policies, procedures, administrative procedures, documents, files, records and pictures reviewed and relied upon in denying Plaintiff's request for surgery and/or medical treatment on his right shoulder between 2015 and the present.

**RESPONSE:** **Objection – Overbroad, unduly burdensome.**

27. Defendant's policies and procedures with respect to hiring, testing, retaining, educating, and firing personnel responsible for providing medical services to inmates at the MSI and similar institutes.

**RESPONSE:** **Objection - Overbroad, unduly burdensome, vague, not reasonably related to Plaintiff's claims.**

28. Defendant's policies and procedures with respect to grievance complaints, hearings, and/or procedures for Inmates at the MSI and similar institutes from 2008 to present.

**RESPONSE: Objection - Overbroad, unduly burdensome, vague, not reasonably related to Plaintiff's claims.**

29. Copies of all documents created in connection with defendants' decisions regarding plaintiff's treatment as identified in Plaintiff's Complaint.

**RESPONSE: Please refer to medical records.**

30. Copies of all medical or health services requests from plaintiff, along with any documents created in response, between 2015 and the present.

**RESPONSE: To be supplemented.**

31. A copy of the table of contents of any policy or procedure or manual applicable to your treatment of plaintiff between 2008 and the present.

**RESPONSE: To be supplemented, should they exist.**

32. A copy of any insurance policy and list of coverage for any policy that may be liable for any judgment against you in this lawsuit.

**RESPONSE: To be supplemented.**

33. A copy of any medical publications, guidelines or treatment decision trees available to the health care providers who treated plaintiff, concerning surgeries in place between 2008 and the present.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

34. A copy of any posters, pamphlets, handouts, flyers or other materials regarding surgeries provided or made available to inmates between 2008 and the present.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

35. A copy of any contracts, agreements of employment or services, and/or indemnification agreements between you and any other Defendant, or between you and any entity that employs any other Defendant in effect from January 2010 through present.

**RESPONSE: To be supplemented, should they exist.**

36. Copies of W-2 forms for any and all of the individuals identified in your response to Interrogatory Number 3 of Plaintiff's First Interrogatories Directed to Defendant Corizon.

**RESPONSE: To be supplemented, should they exist.**

37. A copy of any applications, evaluations, disciplinary action or reviews concerning any other Defendant or any healthcare provider that treated Plaintiff between 2015 and the present.

**RESPONSE:** **Objection – Overbroad, unduly burdensome.**

38. A copy of the CV or resume of the health care providers who treated plaintiff on your behalf between 2015 and the present.

**RESPONSE:** **To be supplemented.**

39. Committees' communications, minutes, reports, consultations, investigations, or evaluations, that do not specifically discuss an individual patient's care, regarding surgeries between 2008 and the present.

**RESPONSE:** **Objection - Overbroad, unduly burdensome, vague, not reasonably related to Plaintiff's claims.**

40. A copy of any historical data maintained by you regarding compliance with your policies and procedures between 2008 and the present.

**RESPONSE:** **Objection - Overbroad, unduly burdensome, vague, not reasonably related to Plaintiff's claims.**

41. Copies of all reports, complaints, notices, warnings, lawsuits, memorandums, claims, and/or other documents submitted to Defendant and/or Defendant's agents since January 2010 arising from failure to offer or give medical treatment and/or surgery to inmates.

**RESPONSE: Objection – Overbroad, unduly burdensome.**

42. Copies of all logs, diaries or other documentation made during plaintiff's treatment and activities while off the prison campus between 2015 and the present.

**RESPONSE: Please refer to medical records and grievance records.**

43. All written materials provided to staff during orientation or other training between 2008 and the present regarding: offering or providing surgery to inmates; offering or providing medical screening tests, exams or procedures to inmates; decisions to follow recommendations, orders or requests from an inmate's physician; or, decisions to allow or approve an inmate's requested medical care.

**RESPONSE: Objection – Overbroad, unduly burdensome, vague.**

44. All newsletters, PowerPoint presentations, updates, memoranda, in-service materials or other documents used in training its agents between 2008 and the present regarding: offering or providing surgery to inmates; offering or providing medical screening tests, exams or

procedures to inmates; decisions to follow recommendations, orders or requests from an inmate's physician; or, decisions to allow or approve an inmate's requested medical care.

**RESPONSE:** **Objection – Overbroad, unduly burdensome, vague.**

45. Any and all grievance complaints and I.R.R. Forms submitted by Plaintiff to Defendant or Defendant's agents or employees, and any responses from Defendant thereto from 2015 through present.

**RESPONSE:** **To be supplemented, should they exist.**

46. Any and all documents related to a grievance procedure for Plaintiff at the MSI between 2015 and present.

**RESPONSE:** **To be supplemented, should they exist.**

47. All incident reports and documents created as a result of the incident involving plaintiff.

**RESPONSE:** **To be supplemented, should they exist.**

48. Any and all documents related to any investigation identified in your response to Interrogatory Number 20 of Plaintiff's First Interrogatories Directed to Defendant Corizon.

**RESPONSE:** **To be supplemented, should they exist.**

49. Any documents required to be produced pursuant to Initial Rule 26(a)(1) Initial Discovery Disclosures which were unavailable at the time of initial disclosure.

**RESPONSE:** **To be supplemented.**

50. All documents identified in your answers to interrogatories.

**RESPONSE:** **To be supplemented.**

51. Complete copies of the files and reports of opinion witnesses and retained experts who Defendant expects to testify in connection with this litigation.

**RESPONSE:** **To be supplemented with the scheduling order.**

52. All documents, not previously produced, relating to Plaintiff's:
    a. Master File;
    b. Internal Affairs File;
    c. Medical File; and
    d. Grievance, or denial thereof;

**RESPONSE:** **To be supplemented, should they exist.**

53. All documents which reflect the last known contact information for the following individuals:

   a. C.O.I. Scott Weber;

   b. Jasima Reynolds;

   c. Kimberly Wilkins;

   d. Carissa Jones;

   e. Danielle Dunyo;

   f. Roshunda Akatsa;

   g. Laquina Spencer; and

   h. Samantha Graddy.

**RESPONSE: To be supplemented, if available.**

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MO Bar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Corizon, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail on this 18 day of April, 2018, to the following:

Lara L. Gillham
Andrea McNairy
Brown & Crouppen, P.C.
One Metropolitan Square
211 N. Broadway, Ste. 1600
St. Louis, MO 63102
larag@getbc.com
andream@getbc.com
*Attorneys for Plaintiff Lawrence Drummer, Jr.*