IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LAWRENCE DRUMMER JR. ) | |
| ) | |
| Plaintiff, ) | Case No.: 4:16-cv-01170-AGF |
| ) | |
| v. ) | |
| ) | |
| CORIZON, LLC et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT CORIZON, LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

COME NOW Defendant, Corizon, LLC, by and through undersigned counsel, and for their Answers and Objections to Plaintiff's Interrogatories, hereby state as follows:

### INTERROGATORIES

1. State:
    a. The name and address of the person or persons answering these Interrogatories;
    b. His/her relationship to defendant;
    c. His/her position of employment; and
    d. The name and present business address of each and every individual who supplied information used to answer these interrogatories and identify his, her, or their legal capacity within defendant's corporate administration.

**ANSWER:** Lacinda Jones, HSA at St. Louis City Justice Center. Defendant objects to providing their address for their safety and security.

2. State whether or not this defendant is being sued in its full and correct name. If not, state the full and correct name of this defendant.

**ANSWER:** Corizon, LLC is correct.

3. State whether or not Reynal Caldwell, MD, Brenda Mallard, MD, Fe Fuentes, MD, Beverly Hatcher, LPN, Roschell Norton, RN, Richard White, RN, Angie Wyatt, RN,

Danyelle Sullivan, RN, Lacinda Jones, Samantha Graddy, RN, Laquina Spencer, LPN, Roshunda Akatsa, RN, Danielle Dunyo, RN, Carissa Jones, Tracy Windfield, LPN, Kimberly Wilkins, Jasima Reynolds, and COI Scott Weber were this defendant's employees, agents, and/or servants during the time of the occurrence described in Plaintiff's Complaint, and if not, please state the following for each individual:

   a. How his or her services were charged to Plaintiff;
   b. How he or she was paid or reimbursed by this defendant for any of his or her services performed on or provided to plaintiff;
   c. Whether or not this defendant deducted any social security, income tax, or any other deductions of any kind from his or her remuneration;
   d. Whether there are or were any written contracts, agreements of employment, or indemnification agreements for such services in existence. If so, in whose custody are they at the present time; and
   e. Whether a W-2 form was made by this defendant for him or her.

**ANSWER: To the best of the defendant's knowledge, each of the parties mentioned above have, at one point in time, worked for Corizon during the time of the occurrence described in Plaintiff's Complaint.**

4. STATEMENTS OF PLAINTIFF

State whether or not, during or following the occurrence mentioned in the Complaint in this case, a statement, interview or report, or a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, of the Plaintiff, or of a statement made by Plaintiff and contemporaneously recorded, has been secured from Plaintiff or taken of Plaintiff; and, if so, state the following:

   a. Date, place and time taken;
   b. Name and address of the person or persons connected with taking it;
   c. Names and addresses of all persons present at the time it was taken;
   d. Whether the statement was oral, written, shorthand, recorded, taped, etc.;
   e. Whether it was signed;
   f. Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and

     g. Please attach an exact copy of the original of said statement, interview, report, file or tape to your answers to these Interrogatories; if oral, please state verbatim the contents thereof.

**ANSWER:** Objection – Overly broad, vague not limited in time or scope. Beyond what the Plaintiff wrote in his Grievance Records, the Defendant is unaware of any such recording or documentation.

5. If you are aware of any oral statements of the plaintiffs regarding the occurrence made before, during, or after the occurrence:

     (a) Identify all witnesses to the statement;
     (b) State when and where made;
     (c) State what was said.

**ANSWER:** The Defendant is unaware of any such oral statements.

6. STATEMENTS OF DEFENDANT

State whether or not, following the date of the occurrence mentioned in the Complaint in this case, a statement, interview or report, or a stenographic, mechanical, electrical, audio, video, motion picture, photograph or other recording, or transcription thereof, of Defendant Corizon, its agents, employees, or servants, or of a statement made by Defendant Corizon, its agents, employees, or servants, or any of the other defendants in this case and contemporaneously recorded, has been secured from Defendant Corizon or taken of Defendant Corizon; and, if so, state the following:

     a) Date, place and time taken;
     b) Name and address of the person or persons connected with taking it;
     c) Names and addresses of all persons present at the time it was taken;
     d) Whether the statement was oral, written, shorthand, recorded, taped, etc.
     e) Was it signed;
     f) Names and addresses of the persons or organizations under whose direction and upon whose behalf it was taken or made; and
     g) Please attach an exact copy of the original of said statement, interview, report, file or tape to your answers to these Interrogatories; if oral, please state verbatim the contents thereof.

**ANSWER: Objection** – Overly broad, vague, not limited in time or scope, and unduly burdensome in light of the work product doctrine. The Defendant is unaware of any such recording or documentation beyond what was reported in the Grievance records.

7. Identify any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment, including any excess coverage or umbrella coverage, and with respect to each, please state:

   a. The type of insurance which gives rise to the interest, including by not limited to whether excess or primary;
   b. Limits of coverage;
   c. Effective policy period;
   d. Whether there exists medical pay coverage in addition to coverage listed in (a) above, and if so, the amount;
   e. Policy number;
   f. Identity of all insureds;
   g. Insurer's identity;
   h. Whether a reservation of rights being made; and
   i. Attach a complete copy of the declaration page and policy of any insurance agreement identified.

**ANSWER: Corizon Insurance Policies will be supplemented.**

8. Identify all records, charts, films, scans, photographs, videotapes, molds, reports/data, tissue, or body fluids the defendant has which pertain to the care and treatment of plaintiff. With respect to those records, please state:

   a. Identify who kept the above designated records, where they were kept, and state whether they were kept as part of the standard business practice of the defendant;
      i. Whether the entries made by defendant, or defendant's office personnel, were made at or near the time of the facts recorded;
      ii. Describe any alterations in the record, or any record additions, subtractions, or changes in entries wherein, the alterations, additions, subtractions, or changes in entries were not made at or near the time of the original facts recorded; and
      iii. Were any records lost, misplaced, or destroyed, or are any records are currently unavailable? If the answer is "yes", please state:
         1. What record or document?
         2. When?
         3. Why?

4. By whom?
   5. In whose custody was it in at the time? and
   6. State its contents as nearly as practicable.

**ANSWER: Objections – Overly broad, vague, not limited in time or scope. Please refer to the medical records.**

   9. State whether defendant was incorporated any time that this defendant or any of this defendant's agents, servants, or employees rendered any care and treatment to plaintiff, and if so, state with respect to each said incorporation the following:

   a. The inclusive dates of said corporation;
   b. The exact corporate name;
   c. The state of incorporation;
   d. Any other names under which defendant or the corporation have done business;
   e. The names and addresses of your corporate officers;
   f. The name and address of your registered agent and office;
   g. State your corporate purpose during all periods of your existence; and
   h. If during any part of the years 2015- present you were not operating as a corporation as set forth in answers above, state your exact status during those years and the names and addresses of all partners at the time, if applicable.

**ANSWER: Objection -- unduly burdensome, not reasonably related to Plaintiff's claims. To the best of the Defendant's knowledge, they were not incorporated, beyond Corizon, LLC, during their time rendering care for the Plaintiff.**

   10. Do you contend that Plaintiff or any third party is at fault or responsible for any of the plaintiff's damages, and if so:

   a. Identify any third party and describe in detail the basis for your contention that they are at fault or responsible for any of the plaintiff's damages; and
   b. Describe in detail the basis for your contention that the Plaintiff is at fault and responsible for his damages.

**ANSWER: To the best of Defendant's knowledge, she cannot contend to anyone being at fault.**

   11. With regard to Plaintiff's past and current medical treatment at MSI, please state:

   a. The name of any and all medical personnel to see Plaintiff for any treatment related to his right shoulder, and their current title/employment status;

b. The name of any and all medical personnel to either grant or deny Plaintiff medical treatment and/or surgery on his right shoulder rotator cuff tear, and their current title/employment status; and
   c. The name of any and all medical personnel to treat Plaintiff for injuries sustained when Plaintiff was diagnosed with a torn rotator cuff tear, on or about August 6, 2015 and their current title/employment status.

**ANSWER:** **Please refer to medical records.**

12. During the course of this defendant's health care provider relationship with plaintiff, and while acting through this defendant's agents, servants, and/or employees, state the name and address of any health care provider(s) this defendant referred plaintiff to at any time and the date(s) and purpose of said referral.

**ANSWER:** **Please refer to medical records. Defendant objects to providing residential addressees due to relevant as well as security reasons.**

13. State the date this defendant's health care provider relationship with plaintiff ended, including the date this defendant, by its agents, servants, and employees, last had contact with plaintiff, including telephonic or written communication.

**ANSWER:** **Objection – Overly broad, vague, not limited in time or scope. The last known contact the Defendant had with the Plaintiff was noted in the medical records and/or grievance records. Please refer to the medical and grievance records.**

14. With respect to plaintiff's allegations contained in plaintiff's pleadings, state the full name and last known address of each person who:

   a. Witnessed or claims to have witnessed the events or occurrences wherein plaintiff alleges acts of negligence occurred;
   b. Was present or claims to have been present at the scene of the events or occurrences immediately before, at the time of, or immediately after the times plaintiff alleges acts of negligence occurred.

**ANSWER:** **Defendant objects to providing residential addressees due to relevant as well as security reasons. The Defendant is unaware of anyone who had witnessed, claims to have witnessed, was present, or claims to have been present at the time of the allegations.**

15. **WITNESS STATEMENTS**

State whether or not written or recorded statements have been obtained from any persons mentioned in the answers to Interrogatory Number 14 above with regard to the facts or circumstances surrounding the occurrence mentioned in these pleadings. If so, state the following:

   a. The names, addresses and employers of persons whose statements were obtained;
   b. Name, address, employer and job title of the person presently having control or custody of each statement.

**ANSWER:** Defendant objects to providing residential addressees due to relevant as well as security reasons. The Defendant is unaware of any such written or recorded statements.

16. Please identify whether any of the individuals identified in Interrogatory No. 14 were your employee(s), servants(s), or agent(s) in 2015, 2016, 2017, and 2018, and whether they are currently your employee(s), servant(s), or agent(s). If not, please state the reason they are no longer so employed and provide their date of birth and last known address and phone number.

**ANSWER:** Objection – Overly broad, not reasonably related to Plaintiff's claims. Defendant also objects to providing residential addressees due to relevant as well as security reasons. The Defendant is unaware of any such individuals present, or who claims to have been present, during the time of the Plaintiff's allegations.

17. Identify, including by title, all individuals involved in the following decisions regarding plaintiff's medical care and state whether the individual was employed by you at the time of the decision, and, whether the individual is employed by you now; if not currently employed please provide the individual's date of termination, title at termination, last known address and date of birth:

   a. the decision not to offer plaintiff any medical treatment for his shoulder injury between August 2015 and September 2015;
   b. the decision(s) not to send plaintiff for follow-up treatment at Barnes Jewish Hospital during August 2015.

c. the decisions to deny plaintiff and his physician's requests for shoulder surgery between August 2015 and the present;
d. the decision(s) not to transfer plaintiff to the hospital for surgery between and including August 6, 2015 and the present;
e. the decision(s) not to refer plaintiff to an outside specialist or facility for evaluation of his shoulder complaints between September 2015 and the present;
f. the decision(s) not to refer plaintiff for torn rotator cuff repair surgery following recommendation from physicians at Barnes Jewish Hospital between August 2015 and the present;
g. the decision(s) to deny and/or delay prescribing pain medication to Plaintiff between August 2015 and the present;
h. the decision(s) to prescribe Nitrostat (nitroglycerine) during plaintiff's incarceration at MSI; and
i. the decision to deny plaintiff right rotator cuff repair surgery.

ANSWER: This Defendant objects to providing the residence address of any of the following individuals for security and safety reasons. Please refer to medical records. Defendant is the current Health Services Administrator (HSA) at St. Louis City Justice Center.

18. Identify, including by title and short description of involvement, all individuals and committees involved in the creation, modification or replacement of policies, procedures, written rules, regulations, practices, standard orders, medical staff bylaws, checklists, guidelines, forms and/or other documents in effect between 2005 and the present regarding the following topics. Please state whether the individual was employed by you at the time of his/her involvement, and, whether the individual is employed by you now; if not currently employed please provide the individual's date of termination, title at termination, last known address and date of birth.

    a. offering or providing surgery to inmates;
    b. offering or providing medical screening tests, exams or procedures to inmates;
    c. offering or providing pain and other medications to inmates;
    d. decisions to follow recommendations, orders or requests from an inmate's physician;

e. decisions to allow or approve an inmate's requested medical care; or,
f. decisions to transfer inmates to outside facilities and specialists for testing or treatment.

**ANSWER: Policies and procedures will be supplemented.**

19. Identify all forms filled out and documents created in association with the following:

   a. decisions to offer or provide surgery to inmates;
   b. decisions to offer or provide medical screening tests, exams or procedures to inmates;
   c. decisions to offer or provide pain and other medications to inmates;
   d. decisions to follow recommendations, orders or requests from an inmate's physician;
   e. decisions to allow or approve an inmate's requested medical care; or,
   f. decisions to transfer inmates to outside facilities and specialists for testing or treatment.

**ANSWER: All requested forms and documents will be supplemented.**

20. State whether an investigation was conducted into the facts or circumstances surrounding the occurrences or the cause thereof alleged in Plaintiff's Complaint, by or on behalf of the defendant or its agents. If so, state:

   (a) The names, addresses, employers and relationship to the defendant of all such persons who made any such investigation;
   (b) The date or dates on which each such investigation was conducted;
   (c) The names, addresses, employers and relationship to the defendant of all persons who were interviewed;
   (d) The names, addresses, employers and relationship to the defendant of all persons from whom statements were obtained, the date of each such statement, and whether such statement was oral, written or recorded, giving the name, address and relationship to the defendant of the reporter or recorder, and the names, addresses, employer and relationship to the defendant of each person presently in possession of each such statement or copy thereof;
   (e) State in complete detail what such examination or inspection consisted of;
   (f) State in complete detail what such examination or inspection revealed or showed.

**ANSWER: Beyond what was noted in the grievance records, the Defendant is unaware of any investigation being conducted regarding this occurrence.**

21. State whether there were or are any written contracts, agreements of employment, or agreements for services in existence between this defendant and the other defendants. If so, in whose custody are they at the present time?

**ANSWER: Contracts with Corizon staff currently employed can be found at their given facility, former employees can be ordered, upon request, from the Corizon regional center.**

22. Identify each person by name, address, occupation, place of employment and qualifications to give an opinion, who the defendant expects to call as an expert witness with respect to any aspect of the suit and state the general nature of the subject matter on which the expert is expected to testify, and the expert's hourly deposition fee. The expert's curriculum vitae may be attached to the interrogatory answers in lieu of stating the qualifications of the expert to give an opinion if such information is available on the expert's curriculum vitae.

**ANSWER: Will be provided in the Scheduling Order.**

23. Please state the relationship between you and the other defendants.

**ANSWER: Objection – Relevance, Vague. The Defendant's relationship with the other defendants was, and currently is, strictly work-based.**

24. Have you ever been a party to any action, civil or criminal, other than the present one? If so, please state for each such legal action:

   a. Its name;
   b. The nature of the action;
   c. The court in which it was filed;
   d. The date it was filed;
   e. The name of all parties besides yourself indicating whether plaintiff or defendant;
   f. Whether there was a trial, and if so, the date and place of the trial;
   g. The ultimate disposition of the case.

**ANSWER: Objection – Overbroad, unduly burdensome. Defendant will supplement this answer at a later date**

25. Has this defendant ever had a claim presented or been involved in a lawsuit for any matters arising out of the care and treatment provided by the other defendants, or, for complaints regarding failures to provide inmate's medical screening tests, surgery, or procedures? If so, please state for each claim:

   a. The date and place made;
   b. The name and address of the party or parties;
   c. The basis of the claim, indicating the type and extent of each injury claimed;
   d. Ultimate disposition thereof.

**ANSWER: Objection – Overbroad, unduly burdensome. Defendant never had a claim presented or been involved in a lawsuit for any matters arising out of the care and treatment provided by the other defendants, or, for complaints regarding failures to provide inmate's medical screening tests, surgery, or procedures.**

26. State whether there are any trade or industry standards or guidelines, or any state, local or federal statutes, rules or regulations that regulate your provision of medical treatment to the plaintiff. If your answer is in the affirmative, please identify the standards or regulation by source, citation and effective date.

**ANSWER: Objection – Exceeded limit of interrogatories, overbroad, vague. Defendant will supplement if such standards and guidelines exist.**

Respectfully submitted,

*J. Thaddeus Eckenrode* (signature)

J. Thaddeus Eckenrode MO Bar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Corizon, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail on this 19th day of June, 2018, to the following:

Lara L. Gillham
Andrea McNairy
Brown & Crouppen, P.C.
One Metropolitan Square
211 N. Broadway, Ste. 1600
St. Louis, MO 63102
larag@getbc.com
andream@getbc.com
*Attorneys for Plaintiff, Lawrence Drummer, Jr.*

(signature)

## VERIFICATION

Comes now, Lacinda Jones, of lawful age, and being first duly sworn upon her oath, states that Corizon, Inc. f/k/a Correctional Medical Services is a Defendant in the above-styled case and that the facts stated in their Answers to Plaintiff's First Interrogatories are true and correct to the best of her knowledge, information and belief.

_____
Lacinda Jones

Subscribed to and sworn to before me this 15th day of June, 2018.

_____
Notary Public

My Commission Expires:

September 1, 2019