UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DRUMMER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-01170-AGF |
| | ) | |
| CORIZON, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

This matter is before the Court on Plaintiff Lawrence Drummer, Jr.'s motion to compel. ECF No. 88. The Corizon Defendants[1] oppose the motion. ECF No. 89. Upon due consideration, the motion to compel will be granted in part and denied in part.

## **BACKGROUND**

Plaintiff filed this pro se prisoner civil rights action on July 18, 2016. ECF No. 1. On November 10, 2016, the Court granted Plaintiff's request to appoint counsel, and on January 2, 2018, counsel filed an amended complaint. ECF No. 54. The amended complaint alleges that on August 6, 2015, following his arrest by the City of St. Louis police department, Plaintiff presented to Barnes-Jewish Hospital, where he was diagnosed with a torn right shoulder rotator cuff and was told that it would require

---

[1]     The Defendants implicated in this discovery dispute and opposing Plaintiff's motion are Corizon, LLC, Reynal Caldwell, M.D., Brenda Mallard, M.D., Fe Fuentes, M.D., Beverly Hatcher, Roschell Nortaon, Richard White, Angie Wyatt, LaCinda Jones, and Danyelle Sullivan (collectively, "the Corizon Defendants"). The Court will refer to Corizon, LLC as "Corizon" and to the collective individual Defendants as "Corizon Individuals."

1

corrective surgery. Plaintiff alleges that between August 10 and August 25, 2015, while Plaintiff was incarcerated at the City of St. Louis Medium Security Institution ("MSI"), he did not receive any medical treatment or medication. He alleges that he complained to facility personnel, nurses, and doctors about the excruciating pain that he suffered in his right shoulder, which was causing pain into his chest. Plaintiff contends that he submitted several health services requests for his shoulder pain and did not obtain the proper medication to control his pain. Thus, in his amended complaint, Plaintiff brings claims under 42 U.S.C. § 1983 against the Corizon Defendants for their deliberate indifference to Plaintiff's serious medical needs and seeks monetary damages and declaratory and injunctive relief.

As litigation progressed, the parties sought multiple extensions of Case Management Order deadlines due to delays related to written discovery and depositions. On March 15, 2019, the Court entered an Eighth Amended Case Management Order, which specifically notes that no further extensions of the deadlines would be granted. ECF No. 87. On April 12, 2019, Plaintiff filed the instant motion to compel through appointed counsel, claiming that over 30 of the Corizon Defendants' discovery responses were deficient. The Corizon Defendants collectively oppose the motion to compel. As noted by Defendants, in this matter Plaintiff has collectively served 250 interrogatories and over 500 requests for production of documents to the Defendants in this case. The Court has carefully reviewed the voluminous briefing on the issues and will address the disputes by subject matter.

**DISCUSSION**

The Federal Rules of Civil Procedure provide for broad, but not unlimited, discovery. Federal Rule of Civil Procedure 26(b) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

This is a liberal standard, but "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Morrison v. Hale*, No. 4:17-CV-875-NAB, 2018 WL 1792208, at *1 (E.D. Mo. Apr. 16, 2018) (citation omitted).

1. Meet and confer regarding medical records

Before addressing the specific discovery disputes in Plaintiff's motion, the Court will address the issue raised by Plaintiff regarding the quality of his medical records. Plaintiff complains that portions of the medical records are indecipherable. However, it is unclear to the Court whether the records are indecipherable due to errors in copying or indecipherable handwriting. Accordingly, the parties are directed to meet and confer on this issue. If the errors are due to copying, Corizon is instructed to provide Plaintiff with

3

a properly-copied set. If the handwriting is indecipherable, the parties will discuss solutions to obtaining the information contained therein.

> 2. <u>Statements made by Plaintiff and Defendant Corizon</u> (Int. Nos. 4 and 6 directed to Corizon)

Interrogatories Nos. 4 and 6 directed to Corizon request information about statements made by Plaintiff and Corizon. Corizon objects on the basis that the interrogatories are overly broad, vague, and not limited in time and scope. Subject to the objection, Corizon states that it is unaware of any recordings or documentation of such statements other than those found in Plaintiff's grievance records, which Corizon produced. Plaintiff maintains that these answers are incomplete because Corizon failed to answer the subparts of the interrogatories with respect to the grievance records, and he takes issue with Corizon's response subject to an objection.

Following the 1993 amendment to Federal Rule of Civil Procedure 33, defendants may object and answer an interrogatory to the extent that it is not objectionable. *Whitley v. McClain*, No. 4:13-CV-994-CEJ, 2014 WL 1400178, at \*1 (E.D. Mo. Apr. 10, 2014); *see* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). Further, the interrogated party may refer to records when answering an interrogatory provided that the interrogated party specifies the records from which the answer may be derived or ascertained. *Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972); *see also Whitley*, 2014 WL 1400178 at \*2 (holding that the defendants' answer generally referring the plaintiff to documents produced, including a police report, was adequate).

Here, Plaintiff was referred generally to the grievance records, which may include statements made by Plaintiff and Corizon. This is sufficient. To the extent Plaintiff seeks the contact information of individuals named in the medical and grievance records, Corizon maintains that those parties are represented for the purposes of this litigation, and thus, any attempt to contact them should be made to defense counsel. Lastly, although Corizon's objections are very general, Corizon properly answered subject to the objection. Plaintiff's motion to compel as to statements made by Plaintiff and Corizon will be denied.

    3. <u>Individuals involved in medical decisions</u> (Int. No. 17 directed to Corizon)

Plaintiff seeks information regarding all individuals (including their titles, dates of termination if terminated, last known address, and date of birth) involved in certain decisions regarding Plaintiff's healthcare while incarcerated. These medical decisions include, inter alia, the decision not to send Plaintiff for follow-up treatment at Barnes-Jewish Hospital in August 2015 and the decision to deny requests for shoulder surgery from August 2015 to the present. In response, Corizon referred Plaintiff to the medical records. It also objected to providing the residential addresses of any individuals for security and safety reasons.

Plaintiff takes issue with Corizon's response because it fails to specifically identify which medical records are responsive to the interrogatory. Further, Plaintiff complains that certain portions of the medical records are largely indecipherable.

Here, the information sought by Plaintiff is relevant to his claims, and, generally, Corizon may refer Plaintiff to medical records if information responsive to the request is

5

contained in the medical records. *See Toney v. Hakala*, No. 4:10-CV-2056-JAR, 2012 WL 3656360, at *2 (E.D. Mo. Aug. 24, 2012) (holding that reference to medical records "consisting of approximately 1,082 pages" was acceptable). However, to the extent that Corizon is aware of particular individuals who made decisions regarding the treatment of Plaintiff's shoulder, it shall identify those individuals. To the extent Plaintiff seeks residential addresses, Defendants may provide the information requested under the designation "for attorneys' eyes only." *See Zink v. Lombardi*, No. 2:12-CV-4209-NKL, 2013 WL 11768304, at *2 (W.D. Mo. May 31, 2013) (holding that providing the protocol during executions under seal for attorneys' eyes only was sufficient to address security concerns).

If Plaintiff believes that individuals other than those listed by Corizon made decisions regarding the treatment of Plaintiff's shoulder, Plaintiff may identify them and provide the list to Corizon. If Plaintiff is unable to decipher the names from the medical records, the parties are directed to meet and confer and attempt to resolve the matter.

Once Plaintiff provides Corizon with a list of names, Corizon will provide the information requested under the designation "for attorneys' eyes only." Alternatively, the parties may agree to a protective order, as appropriate.

4. <u>Prior lawsuits, grievances, or complaints</u> (Int. Nos. 24, 25 directed to Corizon; RFP Nos. 41 directed to Corizon; RFP Nos. 39 and 50 directed to the Corizon Individuals)

Interrogatories Nos. 24 and 25 directed to Corizon state as follows:

**24.     Have you ever been a party to any action, civil or criminal, other than the present one? If so, please state for each such legal action:**
   **a.     Its name;**

> **b.     The nature of the action;**
> **c.     The court in which it was filed;**
> **d.     The date it was filed;**
> **e.     The name of all parties beyond yourself indicating whether plaintiff or defendant;**
> **f.     Whether there was a trial, and if so, the date and place of the trial;**
> **g.     The ultimate disposition of the case.**
>
> **25.     Has this defendant ever had a claim presented or been involved in a lawsuit for any matters arising out of the care and treatment provided by the other defendants, or, for complaints regarding failures to provide inmate's medical screening tests, surgery, or procedures? If so, state for each claim:**
> **a.     The date and place made;**
> **b.     The name and address of the party or parties;**
> **c.     The basis of the claim, indicating the type and extent of each injury claimed;**
> **d.     Ultimate disposition thereof.**

ECF No. 88-2 at 10-11. Plaintiff later agreed to limit the scope of these interrogatories to complaints, claims, or lawsuits arising out of the Corizon Defendants' failure to provide medical screenings, surgery, or other procedures to an inmate.

Request for Production No. 41 directed to Corizon and Request for Production No. 29 directed to the Corizon Individuals are related and seek a copy of all reports, complaints, notices, warnings, lawsuits, memorandums, claims, and/or documents submitted to Defendant since January 2010 arising from failure to offer or give medical treatment and/or surgery to inmates. ECF No. 88-1 at 12. Request for Production No. 50 directed to the Corizon Individuals requests a copy of any deposition testimony previously given by any Defendant in any lawsuit or litigation associated with that Defendant's employment with Corizon and which alleges medical malpractice or deliberate indifference.

Plaintiff maintains that he seeks this information to establish Corizon's pattern and practice of deliberate indifference to the medical needs of its inmates. Corizon objects to the interrogatories as overbroad and unduly burdensome and argues that meritless complaints and lawsuits do not establish a pattern or practice necessary to find it liable. ECF No. 88-2 at 11.

The Court finds that the information requested in these interrogatories and document requests as written is overbroad and irrelevant to Plaintiff's deliberate indifference claim. *See Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW, 2015 WL 5093426, at *2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case); *Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at *4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against Corizon was not relevant or material to the plaintiff's claims for deliberate indifference). Thus, Plaintiff's motion to compel as to these requests will be denied.

5. Guidelines, rules, or laws regulating the provision of medical treatment (Int. No. 26 directed to Corizon)

Plaintiff asks Corizon to state whether there exist any industry or trade standards or guidelines, or any laws, rules, or regulations that regulate Corizon's provision of medical treatment to Plaintiff. Corizon objected to the interrogatory as overbroad, vague, and exceeding the limit on interrogatories, but then stated it would supplement its response.

8

Here, Defendant's objections are well-taken. Nevertheless, Corizon stated that it would supplement its answer if such standards and guidelines exist. Therefore, Corizon will be directed to supplement its response.

6. Corizon policies (RFP No. 14 directed to Corizon; RFP Nos. 8, 9, 12, 17-23, 31 directed to the Corizon Individuals)

Plaintiff seeks a number of documents related to Corizon policies and employment procedures. Request for Production No. 14 directed to Corizon seeks "all claims manuals, memorandum, policy statements, interoffice or inter-department memoranda, letters, and writings in effect since January 1, 2010" related to "providing inmates surgery, medical screening tests, exams, or procedures," "following recommendations, orders or requests from an inmate's physicians, both in and outside the facility," "allowing or approving an inmate's requested medical care," and "transferring inmates to outside facilities and specialists for testing or treatment." ECF No. 88-1 at 4. Similarly, Request for Production No. 12 directed to the Corizon Individuals seeks all claims manuals and policies in effect from January 1, 2010 regarding inmate medical care, both inside the facility and transferring inmates to outside facilities.

Plaintiff also seeks various policies provided to Corizon's employees. In Request for Production No. 8 directed to the Corizon Individuals, Plaintiff seeks all training manuals, standards, employee handbooks, materials, and guidelines associated with the Corizon Individuals' work at MSI as employees from 2008 to the present. ECF No. 88-10 at 2. In Request for Production No. 9 directed to the Corizon Individuals, Plaintiff seeks all claims manuals, policies, procedures, memoranda, and training in effect since

January 1, 2010 regarding the evaluation, investigation, and handling of medical complaints and injury claims provided to Corizon employees. *Id*. Request for Production Nos. 17 through 23 directed to the Corizon Individuals seek policies and procedures related to offering, refusing, or providing surgery, medical screen tests, etc. to inmates; decisions to transfer inmates to outside facilities; and policies and procedures received and relied upon in denying Plaintiff's requests for surgery. Lastly, Request for Production No. 31 directed to the Corizon Individuals seeks a copy of any medical publications, guidelines, or treatment decision trees available to the Corizon Individuals concerning surgeries in place between 2008 and the present.

Plaintiff agreed to limit all of the above requests to three years before the date of the incident through the present. Corizon generally objects to the requests as overbroad, unduly burdensome, and/or vague.

Here, the Court agrees with Plaintiff that Corizon's policies and written procedures concerning the subjects above are relevant to Plaintiff's claims. Corizon stated in its opposition that it agreed to provide Plaintiff with copies of Corizon written policies and guidelines which govern the provision of physician and nursing care for fractures and shoulder injuries at the City Justice Center and MSI, as well as written policies that govern off-site referrals and surgery for inmates. In light of the proportionality standards, the Court believes that these documents will adequately provide Plaintiff with the information that will be relevant to his claims. Thus, the Corizon Defendants will be directed to produce those documents for a period of three

years before the date of the incident through the present, and supplement their responses accordingly.

  7. <u>Disciplinary actions</u> (RFP No. 37 directed to Corizon)

Plaintiff seeks applications, evaluations, or disciplinary actions or reviews concerning any other Defendant or healthcare provider who treated Plaintiff between 2015 and the present, arguing that it is directly related to whether Corizon employees who treated Plaintiff were qualified to do so. Corizon objects that the request is overbroad and unduly burdensome.

The primary issue in this case is whether the Corizon Defendants failed to provide constitutionally adequate medical care to Plaintiff, not to other prisoners or patients. Further, medical malpractice or negligence is insufficient to rise to a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Thus, whether the Corizon Defendants have been disciplined or were not qualified to treat Plaintiff is irrelevant. *See Caldwell v. Kelley*, No. 5:14-CV-00042-BSM/JTR, 2014 WL 6751094, at *2 (E.D. Ark. Dec. 1, 2014) (denying similar request). Corizon will be directed to provide to Plaintiff only those disciplinary actions or complaints related to the treatment of Plaintiff himself.

8. Corizon communications or reports concerning surgeries of other patients
(RFP No. 39, 40 directed to Corizon; RFP Nos. 37, 38 directed to the Corizon Individuals)[2]

Request for Production No. 39 directed to Corizon seeks "Committees' communications, minutes, reports, consultations, investigations, or evaluations that do not specifically discuss an individual patient's care, regarding surgeries between 2008 to the present." ECF No. 88-1, 88-10. Request for Production No. 40 directed to Corizon seeks a copy of any historical data maintained by Corizon regarding compliance with its policies and procedures between 2008 to the present.

Corizon objects to the requests as overbroad, unduly burdensome, vague, and not reasonably related to Plaintiff's claims. Corizon contends that failure to follow written policies do not constitute per se deliberate indifference. It also maintains that "MSI has a population of almost 1500-2000 offenders at any given time, and requests for all communications about surgeries for these inmates for a span of over ten years would involve an extremely expensive, burdensome, and time-consuming search through a high volume of communications." ECF No. 89 at 11.

Here, the Court notes that Corizon may be held liable if its consistent failure to follow its own procedures may rise to the level of a continuing, widespread, persistent pattern of constitutional misconduct. *See Luckert v. Dodge Cty.*, 684 F.3d 808, 819-20 (8th Cir. 2012) (holding that evidence of prior failures to follow procedures did not, in that case, meet the high threshold for deliberate indifference). Nevertheless, while some

---

[2] The language contained in the Request for Production directed to Corizon and the Corizon Individuals is substantially identical.

of the information sought in Plaintiff's requests for production might be relevant, the requests are vague, overbroad, and unlimited in time and scope. Accordingly, Plaintiff's motion to compel as to Request for Production Nos. 39 and 40 directed to Corizon and Request for Production Nos. 37 and 38 directed to the Corizon Individuals will be denied.

9. Corizon training/orientation materials (RFP Nos. 43 and 44 directed to Corizon; RFP Nos. 41 and 42 directed to the Corizon Individuals)

Plaintiff seeks all written training materials provided to its employees from 2008 to the present. Corizon objects to the requests as overbroad, unduly burdensome, and vague. In its opposition to the motion to compel, Corizon takes issue with Plaintiff's failure to limit the requests in scope, geography, or time, and it agreed to provide written training materials provided to its employees at CJC and MSI from 2014 to 2017 relating to medical screenings and the provision of surgery to inmates. The Court agrees with Corizon that the requests are not properly limited in time and scope. Corizon is directed to provide to Plaintiff its training materials as Corizon has proposed.

10. Contact information of Corizon employees (RFP No. 53 directed to Corizon)

Plaintiff requests all documents reflecting the last known contact information for eight individuals. Corizon did not object, but rather stated that such information would be supplemented, if available. Later, Corizon indicated that it would provide Plaintiff with the contact information for its own employees, but not any Department of Corrections employees. Plaintiff contends that he is entitled to that information.

In its opposition to the motion to compel, Corizon objects to providing contact information for Corizon employees working at a correctional facility due to safety

13

concerns. Corizon further states it does not have in its possession contact information for those individuals who are not and were never Corizon employees. Lastly, Corizon maintains that some individuals may be represented by an attorney.

Here, Corizon will identify those individuals for whom it has the contact information requested and those for whom it does not. Corizon will be directed to provide the information sought for any unrepresented, current employees, under the designation of "for attorneys' eyes only." If Corizon knows that any individual is represented by counsel, it shall so state and identify the attorney. Lastly, if Corizon knows that any individual is not represented and not a current employee of Corizon, it shall provide any contact information it possesses under the designation of "for attorneys' eyes only."

11. <u>Available and subscribed medical publications</u> (Int. No. 10 directed to the Corizon Individuals)

Interrogatory No. 10 directed to the Corizon Individuals seeks information about medical journals and magazines to which the individuals subscribed during the events described in Plaintiff's complaint. The Corizon Individuals in their opposition maintain that the information is irrelevant, but agreed to supplement their answer. Thus, the issue is moot.

12. <u>Referrals to outside medical providers</u> (Int. No. 17 directed to the Corizon Individuals)

Plaintiff seeks the name and address of any health care provider to whom Plaintiff was referred by the Corizon Individuals. The Corizon Individuals reference the medical records in their answer and state that Plaintiff was referred to Barnes-Jewish Hospital.

Plaintiff complains that the medical records are over 800 pages long and some portions are indecipherable. He states, without explanation, that "numerous depositions" would be required to obtain the information sought.

As stated previously, Corizon may refer Plaintiff to medical records if information responsive to the request is contained in the medical records. However, to the extent that Corizon has or is aware of the names and addresses of any health care provider to whom Plaintiff was referred by the Corizon Individuals related to treatment of Plaintiff's shoulder, it shall identify them and provide the information requested under the designation "for attorneys' eyes only." If, after Corizon provides this information, Plaintiff believes that he requires depositions to obtain the information because the medical records are indecipherable, the parties will meet and confer about how to most efficiently complete those depositions.

13. <u>Documents provided to inmates</u> (RFP No. 32 directed to the Corizon Individuals)

Plaintiff seeks a copy of any posters, pamphlets, handouts, flyers, or other materials regarding surgeries provided or made available to inmates between 2008 and the present. Plaintiff agreed to limit the scope to three years before the date of the incident to the present. Corizon objects to the request as overbroad and unduly burdensome.

The documents sought may be relevant information concerning the existence of a policy or procedure, but the request is too broad in scope. Therefore, the Court will limit

the request and direct Corizon to provide the documents requested as they relate to MSI from January 2015 to the present.

As a final matter, the Corizon Defendants have indicated throughout their responses to written discovery that they will supplement their responses. Corizon must do so on or before May 22, 2019. With respect to responses that Plaintiff contends were denied falsely, that is not a proper subject for a motion to compel. *Malady v. Corizon*, No. 1:13-CV-80 SNLJ, 2014 WL 1689295, at *1 (E.D. Mo. Apr. 29, 2014)

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED in part and DENIED in part**, as set forth in this Order.

**IT IS FURTHER ORDERED** that, on or before **May 22, 2019**, the Corizon Defendants will supplement their discovery responses and provide documents in compliance with this Order.

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding the quality of the medical records and solutions thereof on or before **May 22, 2019**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2019.