UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DRUMMER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-01170-AGF |
| | ) | |
| CORIZON, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter is before the Court on the Corizon Defendants' second motion for protective order. ECF No. 97. Plaintiff opposes the motion. ECF No. 98. For the reasons set forth below, the motion will be granted.

This motion is the most recent of several discovery-related motions filed by the parties. On April 12, 2019, Plaintiff filed a motion to compel challenging many of the Corizon Defendants' responses to written discovery, and the Corizon Defendants opposed the motion. ECF Nos. 88, 89. While his motion to compel was pending, Plaintiff filed a motion to compel Corizon, LLC, to produce its corporate representative for deposition. ECF No. 90.

On May 8, 2019, the Court entered a lengthy order addressing the written discovery disputes raised in Plaintiff's motion to compel ("May 8 Order"). ECF No. 91. On the same day, the Corizon Defendants filed a motion for protective order objecting to 15 out of 33 topics listed in the notice to take the deposition of Corizon, LLC's corporate representative, which was scheduled to take place on May 24, 2019. ECF No. 92.

1

On May 16, 2019, the Court denied without prejudice the Corizon Defendants' motion for protective order and directed the parties to meet and confer about the impact of the Court's May 8 Order on Corizon's deposition topic objections. The parties did so, and, on May 20, 2019, the Corizon Defendants filed this second motion for protective order addressing five topics on which the parties could not agree. The Corizon corporate representative deposition is scheduled for June 3, 2019.

Plaintiff in Topic No. 7 seeks "Committees' communications, minutes, reports, consultations, investigations, or evaluations regarding surgeries between 2008 and the present, excluding those that specifically discuss an individual patient's care, other than Plaintiff." ECF No. 92-1. Plaintiff agreed to limit the topic to the facilities at issue in this lawsuit between 2012 and the present. Despite these limitations, the Corizon Defendants object to the topic as overbroad, unduly burdensome, and not sufficiently limited in time and scope. Plaintiff responds that the topic is sufficiently limited, as it is limited in location and time, as well as to surgeries only.

The Court previously held that although a similar request for production was relevant, it was vague, overbroad, and unlimited in time and scope as written.[1] Here, Topic No. 7 is almost identical to that request for production, except that it is further limited in time and scope. The Court finds that the language remains vague and overbroad, and thus the motion for protective order as to Topic No. 7 will be granted.

---

[1] Request for Production No. 39 directed to Corizon, LLC, sought "Committees' communications, minutes, reports, consultations, investigations, or evaluations that do not specifically discuss an individual patient's care, regarding surgeries between 2008 to the present." ECF No. 88-1.

Topic No. 8 seeks "A copy of any historical data maintained by Corizon regarding compliance with its policies and procedures between 2012 to the present." ECF No. 92-1. Plaintiff agreed to limit the scope to specific policies and procedures, including, *inter alia*, offering or providing surgery to inmates and decisions to allow or approve an inmate's requested medical care. The Court in its May 8 Order held that that a similar request for production was vague and overbroad. Here, while Plaintiff properly limited the scope to certain policies and procedures, the term "historical data" is vague. Therefore, the Corizon Defendants' motion for protective order as to Topic No. 8 will be granted.

Next, Topic No. 31 seeks information about "all reports, notices, warnings, lawsuits, memorandums, claims, and other documents submitted to Corizon and/or Corizon's agents since January 2010 arising from failure to offer or give medical treatment and/or surgery to inmates." The Court in its May 8 Order addressed a similar request for production directed to Corizon seeking all reports, complaints, notices, warnings, lawsuits, memorandums, claims, and/or documents submitted to Corizon since January 2010 arising from failure to offer or give medical treatment and/or surgery to inmates. There, the Court held that the request for production as written was overbroad and irrelevant.

Here, Plaintiff agreed to limit Topic No. 31 to all complaints and lawsuits related to medical treatment at the facilities at issue. However, even with this limitation, Topic No. 31 remains overbroad, and, in light of other holdings in this district on similar discovery disputes, portions of Topic No. 31 are irrelevant. *See Fletcher v. Tomlinson*,

3

No. 4:14-CV-999-RLW, 2015 WL 5093426, at *2 (E.D. Mo. Aug. 28, 2015) (holding that requests for information regarding other lawsuits, administrative proceedings, and complaints involving evidence of similar misconduct by the City was overbroad in light of their limited relevance to the case); *Foster v. Lombardi*, No. 1:12-CV-00116-JAR, 2013 WL 2251716, at *4 (E.D. Mo. May 22, 2013) (holding that the plaintiff's request for information on other civil suits filed against Corizon was not relevant or material to the plaintiff's claims for deliberate indifference). Accordingly, the Court will grant the motion for protective order as to Topic No. 31.

Lastly, Topics Nos. 32 and 33 ask whether Corizon has been a named party in an action or complaint arising out of a failure to provide inmates medical screenings, tests, surgery, or medical procedures, and seek transcripts of previous Corizon corporate representative depositions for those same matters. The language of these deposition topics mirror the information sought by Plaintiff in interrogatories that the Court in its May 8 Order held were irrelevant in light of *Fletcher* and *Tomlinson*. Accordingly, the Court will grant the motion for protective order as to Topics Nos. 32 and 33.

Accordingly,

**IT IS HEREBY ORDERED** that the Corizon Defendants' second motion for protective order is **GRANTED**. ECF No. 97.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2019.