UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DRUMMER, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 4:16-CV-01170-AGF |
| vs. | ) | |
| | ) | |
| CORIZON CORRECTIONAL HEALTH CARE, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
FROM DEFENDANTS**

COMES NOW, Plaintiff Lawrence Drummer, by and through counsel, Brown & Crouppen, PC, and states as follows in support of his Motion to Compel Discovery Responses from Defendants Corizon, LLC, Dr. Reynal Caldwell, Dr. Fe Fuentes, Dr. Brenda Mallard, Roschell Norton, Danyelle Sullivan, Richard White, Angie Wyatt, Beverly Hatcher, and Lacinda Jones (hereinafter collectively "Defendants"):

1. As a preliminary matter, Plaintiff's counsel was just informed that Theodore Hughes, counsel for Defendants, will be withdrawing from this case and another attorney at the firm of Eckenrode-Maupin will now be handling this case. Plaintiff's counsel sees no reason for discovery to be further delayed and intends to comply with this Court's Eighth Amended Case Management Order, entered on March 13, 2019.

2. On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Request for Production directed to Defendant Corizon, LLC (hereinafter "Corizon"). Corizon served its answers and objections to Plaintiff's Request for Production on April 18, 2018 and its objections to Plaintiff's Interrogatories on May 18, 2018. Thereafter, Corizon served its Answers

1

and objections to Plaintiff's Interrogatories on June 19, 2018 and its Amended Answers and objections to Plaintiff's Request for Production and Interrogatories on August 29, 2018. *See Answers and Objections to First Request for Production, attached hereto as* **Exhibit 1**; *Answers and Objections to First Interrogatories, attached hereto as* **Exhibit 2**; *Amended Answers and objections to First Request for Production, attached hereto as* **Exhibit 3**; *and Amended Answers and Objections to First Interrogatories, attached hereto as* **Exhibit 4**.

3.      On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Requests for Production directed to Defendant Dr. Reynal Caldwell (hereinafter "Caldwell"). Caldwell served her Objections to Plaintiff's Interrogatories and her Answers and Objections to Plaintiff's Request for Production on May 18, 2018. Thereafter, on September 25, 2018, Caldwell served her Amended Answers and objections to Plaintiff's Interrogatories. *See Answers and Objections to First Request for Production, attached hereto as* **Exhibit 5**; *Amended Answers and Objections to First Interrogatories, attached hereto as* **Exhibit 6**.

4.      On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Requests for Production directed to Defendant Dr. Fe Fuentes (hereinafter "Fuentes"). Fuentes served her Answers and Objections to Plaintiff's Interrogatories and her Answers and Objections to Plaintiff's Request for Production on May 18, 2018. Thereafter, on September 15, 2018, Fuentes served her Amended Answers and objections to Plaintiff's Interrogatories. *See Answers and Objections to First Request for Production, attached hereto as* **Exhibit 7**; *Answers and Objections to First Interrogatories, attached hereto as* **Exhibit 8**; *Amended Answers and Objections to First Interrogatories, attached hereto as* **Exhibit 9**.

5.      On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Requests for Production directed to Defendant Dr. Brenda Mallard (hereinafter "Mallard").

2

Mallard served her Objections to Plaintiff's Interrogatories and Answers and Objections to Plaintiff's Request for Production on May 18, 2018. Thereafter, on May 29, 2018, Mallard served her Answers and Objections to Plaintiff's First Interrogatories and on September 15, 2018, Mallard served her Amended Answers and objections to Plaintiff's Interrogatories. *See Answers and Objections to First Request for Production, attached hereto as **Exhibit 10**; Answers and Objections to First Interrogatories, attached hereto as **Exhibit 11**; Amended Answers and Objections to First Interrogatories, attached hereto as **Exhibit 12.***

6.      On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Requests for Production directed to Defendant Beverly Hatcher (hereinafter "Hatcher"). Hatcher served her Objections to Plaintiff's Interrogatories and Answers and Objections to Plaintiff's Request for Production on May 18, 2018. Subsequently, Hatcher served her Answers and Objections to Plaintiff's Interrogatories and Amended Answers and Objections to Plaintiff's Interrogatories on May 24, 2018 and September 19, 2018, respectively. *See Answers and Objections to First Request for Production, attached hereto as **Exhibit 13**; Answers and Objections to First Interrogatories, attached hereto as **Exhibit 14**; Amended Answers and Objections to First Interrogatories, attached hereto as **Exhibit 15.***

7.      On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Requests for Production directed to Defendant Lacinda Jones (hereinafter "Jones"). Jones served her Answers and Objections to Plaintiff's Request for Production and Objections to Plaintiff's Interrogatories on May 18, 2018. Subsequently, Jones served her Answers and Objections to Plaintiff's Interrogatories on June 19, 2018 and her Amended Answers and Objections to Plaintiff's Interrogatories on November 26, 2018. *See Answers and Objections to First Request for Production, attached hereto as **Exhibit 16**; Answers and Objections to First Interrogatories,*

attached hereto as **Exhibit 17**; *Amended Answers and Objections to First Interrogatories, attached hereto as **Exhibit 18**.*

8.      On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Requests for Production directed to Defendant Roschell Norton (hereinafter "Norton"). Norton served her Answers and Objections to Plaintiff's Interrogatories and Request for Production on May 18, 2018. Norton subsequently served her Amended Answers and Objections to Plaintiff's Interrogatories on September 19, 2018. *See Answers and Objections to First Request for Production, attached hereto as **Exhibit 19**; Answers and Objections to First Interrogatories, attached hereto as **Exhibit 20**; Amended Answers and Objections to First Interrogatories, attached hereto as **Exhibit 21**.*

9.      On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Requests for Production directed to Defendant Danyelle Sullivan (hereinafter "Sullivan"). Sullivan served her Answers and Objections to Plaintiff's Request for Production on April 18, 2018 and her Objections to Plaintiff's Interrogatories on May 18, 2018. Sullivan subsequently served her Answers and Objections to Plaintiff's Interrogatories on June 13, 2018 and her Amended Answers and Objections to Plaintiff's Interrogatories on November 9, 2018. *See Answers and Objections to First Request for Production, attached hereto as **Exhibit 22**; Answers and Objections to First Interrogatories, attached hereto as **Exhibit 23**; Amended Answers and Objections to First Interrogatories, attached hereto as **Exhibit 24**.*

10.     On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Requests for Production directed to Defendant Angie Wyatt (hereinafter "Wyatt"). Wyatt served her Answers and Objections to Plaintiff's Interrogatories and Request for Production on May 18, 2018. Wyatt subsequently served her Amended Answers and Objections to Plaintiff's

Interrogatories on September 19, 2018. *See Answers and Objections to First Request for Production, attached hereto as* **Exhibit 25**; *Answers and Objections to First Interrogatories, attached hereto as* **Exhibit 26**; *Amended Answers and Objections to First Interrogatories, attached hereto as* **Exhibit 27.**

11.     On March 20, 2018, Plaintiff served his First Set of Interrogatories and First Requests for Production directed to Defendant Richard White (hereinafter "White"). White served his Answers and Objections to Plaintiff's Request for Production and Objections to Plaintiff's Interrogatories on May 18, 2018. White subsequently served his Amended Answers and Objections to Plaintiff's Interrogatories on September 15, 2018. *See Answers and Objections to First Request for Production, attached hereto as* **Exhibit 28**; *Objections to First Interrogatories, attached hereto as* **Exhibit 29**; *Amended Answers and Objections to First Interrogatories, attached hereto as* **Exhibit 30.**

12.     As to Defendant Corizon, answers to Interrogatory Nos. 4, 6, 17, and 24, 25, and 26, and Request Nos. 14, 37, 39-40, 41, 43-44 and 53 are either outstanding or inadequate. ***See Exhibits 1-4.***

13.     Defendant Caldwell's and White's answers to Interrogatory No. 17 are inadequate. ***See Exhibit 6; 29, 30.***

14.     As to Defendants Fuentes, Mallard, Hatcher, Jones, Norton, Sullivan, and Wyatt, answers to Interrogatory Nos. 10 and 17 are inadequate. ***See Exhibits 8, 9***; ***11, 12; 14, 15; 17, 18; 20, 21; 23, 24; 26, 27.***

15.     Further, Request for Production Nos. 8-9, 12, 17-23, 31-32, 37-38, 39, 41-42, and 50 directed to Defendants Caldwell, Fuentes, Mallard, Hatcher, Jones, Norton, Sullivan, Wyatt, and White are outstanding or inadequate. ***See Exhibits 5, 7, 10, 13, 16, 19, 22, 25, and 28***.

16.     Counsel for Plaintiff originally sent a Good Faith Letter to Counsel for Defendants on August 7, 2018, requesting full and complete answers to discovery. See Letter dated August 7, 2018, *attached hereto as* ***Exhibit 31.*** Although some answers to discovery requests were supplemented after this letter was sent, there are still numerous interrogatory and request answers that are inadequate or outstanding.

17.     On March 20, 2019, Plaintiff again attempted to resolve the discovery disputes with Defendants by sending a Good Faith Letter to Counsel for Defendants, requesting full and complete answers to discovery. *See Letter dated March 20, 2019, attached hereto as* ***Exhibit 32.***

18.     Counsel for Defendants responded with a letter to counsel for Plaintiff on March 27, 2019. *See Letter dated March 27, 2019, attached hereto as* ***Exhibit 33***. In the letter and during a phone call on April 2, 2019, Defendant Corizon agreed to supplement responses to Interrogatory Nos. 8, 9, 11, 12, 13, 16, 18, 19, 21 and 23, and Request Nos. 4, 5, 8-11, 15-17, 19-24, 26-28, 30-31, 33-34, 35-36, 38, 42, 45-50, and 52. Defendants Wyatt, Norton, Mallard, White, Sullivan, and Hatcher agreed to supplement their responses to Interrogatory Nos. 2, 11, 12, 15, 20, and 23. Defendant Fuentes agreed to supplement responses to Interrogatory Nos. 2, 12, 15, 20, and 23. Defendant Jones agreed to supplement responses to Interrogatory Nos. 2, 7, 8, 11, 12, 15, 20 and 23. Defendant Caldwell agreed to supplement responses to Interrogatory Nos. 1, 2, 4, 8-12, 15, 16, 18-20, and 23. Finally Defendants Sullivan, Hatcher, Wyatt, Norton, White, Jones, Caldwell, Mallard, and Fuentes agreed to supplement their responses to Request Nos. 4, 5, 6, 7, 11, 14, 16, 24-26, 28-30, 33-36, 40, 44-45, 47, and 48, 51. Counsel agreed to provide these supplemental answers in 14 to 21 days, thereby making them due on April 16.

19.     On April 8, 2019, Counsel for Plaintiff sent an email to counsel for Defendants attempting to further resolve the remaining discovery disputes. *See Email dated April 8, 2019,*

*attached hereto as **Exhibit 34***. Plaintiff has not yet received a response from Defense counsel.

20.     With respect to Corizon, counsel stated in his letter he intends to stand on his objections to Interrogatory Nos. 4 and 6, which request information about statements made by Plaintiff and Defendant Corizon. Corizon objected, stating the interrogatories are overly broad, vague, and not limited in time or scope. ***See Exhibits 2, 4.*** Subject to the objections, Corizon stated that it is unaware of any recording or documentation of plaintiff or Corizon beyond what is in Plaintiff's grievance records. First these interrogatories are properly limited to the time of Plaintiff's incarceration and treatment with Corizon. Moreover, these answers are incomplete as Corizon has failed to answer any of the subparts with respect to the grievance records. While Plaintiff is entitled to receive all statements made by him, Plaintiff agreed to limit Interrogatory No. 6 to the allegations in the complaint, including Plaintiff's rotator cuff tear and related injuries. ***See Exhibit 34***.  Additionally, Corizon's conditional answers made subject to its objections are evasive and incomplete discovery responses, which are inappropriate and effectively amount to a waiver by the Defendant of the asserted "subject to" objection.  To date Plaintiff has not received supplemental answers or any responsive documents.

21.     Interrogatory No. 17 asks Corizon to identify all individuals who were involved in certain decisions regarding Plaintiff's healthcare while incarcerated. Corizon stated it is the Health Services Administrator at the St. Louis Justice Center and referred Plaintiff to the medical records. ***See Exhibits 2, 4***. However, this answer is insufficient as the medical records produced do not contain this specific information and/or certain portions of the medical records are indecipherable. Moreover, Corizon fails to point to any particular page in 800 pages of records. In its subsequent letter, Corizon maintained its objection to providing contact information for the individuals requested in this interrogatory, however, it makes no reference to whether Corizon intends to

7

supplement the answer to identify the relevant individuals. *See Exhibits 33 and 34.*  To date Plaintiff has not received supplemental answers or any responsive documents.

22.     Interrogatory No. 24 to Corizon asks Corizon to state whether it has ever been a party to a lawsuit. Corizon objected, stating it is overbroad and unduly burdensome, and answered subject to the objections that it will supplement this answer at a later date. *See Exhibits 2, 4.* Plaintiff then agreed to limit the scope to whether Corizon has ever been a party to a lawsuit arising out of the care and treatment provided to an inmate or for failure to provide medical screenings, surgery or other procedures to an inmate. *See Exhibit 34.* Previous lawsuits related to care and treatment of inmates is directly related to Corizon's pattern and practice of deliberate indifference. To date, we have yet to receive a supplemental answer.

23.     Interrogatory No. 25 asks whether Corizon has ever been involved in a claim or lawsuit arising out of the care and treatment provided by the other defendants or for failure to provide medical screenings, surgery, or other procedures to an inmate. Corizon objected, stating the interrogatory is overbroad and unduly burdensome. *See Exhibits 2, 4.*  Subject to the objections, it responded that it has never been involved in a claim or lawsuit for such matters arising out of the care of the other defendants. *See Exhibits 2, 4.*  Upon information and belief, Corizon has been involved in at other lawsuits that would be responsive to this interrogatory. Previous lawsuits related to care and treatment of inmates by Corizon's employees and/or agents is directly related to Corizon's pattern and practice of deliberate indifference. Further, Corizon's conditional answer made subject to its objections is an evasive and incomplete discovery response, which is inappropriate and effectively amounts to a waiver by the Defendant of the asserted "subject to" objection. To date Plaintiff has not received a supplemental answer. In fact, in its letter in response to Plaintiff's good faith letter, Defendant states it will stand on its objections. *See*

*Exhibit 33.*

24.     Interrogatory No. 26 to Corizon asks whether there were any trade or industry standards or guidelines, statutes, rules, or regulations that regulate Corizon's provision of medical treatment to Plaintiff. Corizon objected, stating Plaintiff exceeded the limit of interrogatories and the interrogatory is overbroad and vague. Subject to those objections, Corizon responded that it would supplement if such standards and guidelines exist. This interrogatory is directly relevant to the matter at issue, and Defendant's conditional answer made subject to its objections is an evasive and incomplete discovery response.  To date we have not received a supplemental answer or any responsive documents. In fact, in its letter in response to Plaintiff's good faith letter, Defendant states it will stand on its objections. *See Exhibit 33.*

25.     Request No. 14 directed to Corizon seeks all claims manuals, memorandum, and policies in effect from January 1, 2010 that relate to providing inmate medical care, both inside the facility and transferring inmates to outside facilities. Corizon objected to this request as overbroad, unduly burdensome, and vague. *See Exhibit 1*.  Corizon supplemented its response to state that it is in the process of determining the existence of such documents and will supplement if they do exist. *See Exhibit 3*.  Plaintiff agreed to limit this request to 3 years before the date of the incident through the present. *See Exhibit 34.* To date, we have yet to receive a supplemental response.

26.     Request No. 37 directed to Corizon seeks any applications, evaluations, and disciplinary action or reviews concerning any Defendant or any healthcare provider that treated Plaintiff between 2015 and the present.  Corizon's objection states this request is overbroad and unduly burdensome. *See Exhibits 1, 3*.  This request is directly related to whether Corizon employees who treated Plaintiff were qualified to do so, which is the subject matter involved in

9

this cause of action.  This information can be produced to Plaintiff in electronic format for Corizon's convenience. In its letter in response to Plaintiff's good faith letter, Defendant states it will stand on its objections as to all disciplinary action or reviews not related to Plaintiff's allegations. *See Exhibit 33.* Plaintiff agreed to limit these requests to providers who were working through or under Corizon, and those that are named defendants in this suit, as well as to the allegations in the Complaint. *See Exhibit 34*. To date we have not received a supplemental answer or any responsive documents.

27.      Request Nos. 39-40 directed to Corizon seek information related to any communications and reports of surgeries performed between 2008 and the present, excluding any information specifically discussing an individual patient's care, along with historical data of Corizon's compliance with these policies.  Corizon's objection state these requests are overbroad, unduly burdensome, vague, and not reasonably related to Plaintiff's claims. *See Exhibits 1, 3*. These requests are directly related to Plaintiff's claims and are within the scope of discoverable evidence, as they are reasonably calculated to lead to admissible evidence at trial.  Request No. 39 is limited to documents pertaining to surgeries and Request No. 40 is for documentation evidencing whether Corizon followed its own policies, which is directly related to whether appropriate care and treatment was provided to Plaintiff. These requests go to Corizon's pattern and practice of deliberate indifference and it is necessary for Plaintiff to determine whether Corizon treated inmates differently in different contexts. To the extent that responsive documents relate to individual patients, Defendant can redact personal information or file for a protective order.  In its letter in response to Plaintiff's good faith letter, Defendant states it will stand on its objections. *See Exhibit 33.* To date we have not received supplemental answers or any responsive documents.

28.      Request No. 41 asks Corizon for copies of all claims, complaints, notices, warnings,

lawsuits, memorandums or reports submitted to Corizon or its agents since January 2010 arising from the failure to offer or give medical treatment or surgery to inmates. Corizon's objection states this request is overbroad and unduly burdensome. *See Exhibits 1, 3*.  This request is directly related to whether Corizon has a history of failing to provide medical treatment to patients, which is in turn related to the medical treatment or lack thereof provided to Plaintiff, which is the subject matter involved in this cause of action. To date, Defendant has yet to supplement its response.

29.     Request No. 43-44 ask Corizon for copies of all written materials and documents provided to staff during orientations or other trainings regarding providing medical care, tests/screenings, surgeries to inmates, and decisions to approve or allow an inmate's requested care.  Corizon's objections state these requests are overbroad, unduly burdensome and vague.  *See Exhibits 1, 3*. These requests are specifically related to surgeries, screenings, and medical treatment for inmates and are therefore directly related to Plaintiff's claims and are within the scope of discoverable evidence, as it is reasonably calculated to lead to admissible evidence at trial.  Additionally, Plaintiff agreed to limit this request to 3 years before the date of the incident through the present. *See Exhibit 34*. To date, Defendant has yet to supplement its responses.

30.     Request No. 53 asks Corizon to produce documents reflecting last known contact information for certain named defendants. Corizon stated it would supplement its response. *See Exhibits 1, 3*. In its letter, Corizon subsequently agreed to supplement this response with respect to Corizon employees but not for any Department of Corrections employees. *See Exhibit 33*. To the extent Corizon has documentation for Department of Corrections employees, Plaintiff is entitled to that. Alternatively, if Corizon is not in possession of such documentation, it can simply state so. To date, Defendant has yet to supplement its response.

31.     Interrogatory No. 10 directed to Defendants Sullivan, Hatcher, Wyatt, Norton,

Jones, Fuentes, and Mallard asks Defendants to state the name and publisher of publications the Defendants subscribed to at the time of the acts alleged in the Petition. Each defendant objected, alleging the interrogatory is irrelevant, overbroad, and not related to Plaintiff's claims. Subject to that objection, Defendants answered the interrogatory. This information is specifically narrowed both in time and only to certain publications. Furthermore, Defendants' conditional answers made subject to their objections is an evasive and incomplete discovery response, which is inappropriate and effectively amounts to a waiver by the Defendant of the asserted "subject to" objection.  To date we have not received supplemental answers. In fact, in counsel's letter in response to Plaintiff's good faith letter, Defendants state they will stand on their objections. *See Exhibit 33.*

32.     Interrogatory No. 17 directed to Defendants Sullivan, Hatcher, Wyatt, Norton, Jones, Fuentes, Mallard White & Caldwell asks whether Defendants referred Plaintiff to any other health care providers during Defendant's medical relationship with Plaintiff, and the date of any such referrals. Defendants stated to the best of their knowledge, this information is contained within the medical records.  *See Exhibits 6, 8-9, 11-12, 14-15, 17-18, 20-21, 23-24, 26-27, 29-30.* There are over 800 pages of records, which likely do not contain the names and titles of all providers Plaintiff was referred to. Further, certain portions of the medical records are indecipherable. Therefore, Defendants' answers are inadequate, as Plaintiff is unable to determine who made medical referrals without deposing numerous individuals. Plaintiff agreed that it would be sufficient for Defendants to either supplement by identifying the people and dates of any referrals, or make reference to specific pages within the records that contain that information. *See Exhibit 34.* To date, Defendants have yet to supplement their answers.

33.     Request Nos. 8 & 9 to all individual defendants seek documents associated with Defendant's work at the MSI or as an employee or agent of Corizon, the MSI, the St. Louis City

Division of Corrections, or any other entity, which include training manuals, employee handbooks, and guidelines provided to Defendant; and claims manuals and policies for investigation and handling of medical complaints and injury claims.  Defendants objected, stating the requests are overbroad and unduly burdensome. *See Exhibits 5, 7, 10, 13, 16, 19, 22, 25, and 28*. In their letter in response to Plaintiff's good faith letter, Defendants state they will stand on the objections. *See Exhibit 33.* These requests are specifically limited to documents associated with Defendants' work at the locations at issue. Additionally, Plaintiff agreed to limit this to 3 years before the date of the incident through the present.  *See Exhibit 34*. To date, we have yet to receive any of this documentation.

34.     Request No. 12 to all individual defendants seeks all claims manuals, memorandum, and policies in effect from January 1, 2010 associated with Defendants' work at the MSI that relate to providing inmate medical care, both inside the facility and transferring inmates to outside facilities.  Defendants objected to this request as overbroad, unduly burdensome, and vague.  *See Exhibits 5, 7, 10, 13, 16, 19, 22, 25, and 28*. In their letter in response to Plaintiff's good faith letter, Defendants state they will stand on the objections. *See Exhibit 33.* These documents are sufficiently limited in time and scope relevant to the incident at issue.  Additionally, Plaintiff agreed to limit this to 3 years before the date of the incident through the present.  *See Exhibit 34*. To date, we have yet to receive any of this documentation.

35.     Request Nos. 17-23 to all individual defendants ask for policies and procedures relating to offering, refusing, or providing surgery, medical screen tests, exams, and procedures to inmates; decisions to follow recommendations from physicians; decisions regarding an inmate's requested medical care; decisions to transfer inmates to outside facilities; and policies and procedures received and relied upon in denying Plaintiff's request for surgery.  Defendants

objected to each of these requests as overbroad and unduly burdensome.  *See Exhibits 5, 7, 10, 13, 16, 19, 22, 25, and 28*. In their letter in response to Plaintiff's good faith letter, Defendants stated they will stand on the objections. *See Exhibit 33.* Plaintiff agreed to limit this to 3 years before the date of the incident through the present.  *See Exhibit 34*. Due to Defendants' concerns with the term "procedures", which is referenced in Request No. 18, Plaintiff agreed to Defendants producing a table of contents or list of all responsive policies related to medical procedures in an attempt to further narrow the scope of this request. *See Exhibit 34*. The requested documents are very specifically limited to those which relate to relevant care and treatment of inmates, as well as decisions to follow recommendations and orders from physicians or approve a patient's medical requests. Therefore, providing such documentation is not unduly burdensome or overbroad. Plaintiff is also entitled to know whether such policies and procedures have been changed or modified, and to the extent such documents exist, they should be produced. We are entitled to know whether there are policies that Defendant is operating under and is expected to follow in making such determinations.  Finally, Plaintiff  cannot properly evaluate whether he received proper treatment from Defendants without knowing what policies were put into place regarding that treatment.  To date, we have yet to receive any of this documentation.

36.     Request Nos. 31-32 to all individual defendants seek copies of any and all publications, guidelines, and treatment decision trees provided to Defendants, along with any posters, pamphlets, or other materials about surgeries provided to inmates during the time of 2008 and present.    Defendants' objections state these requests are overbroad and unduly burdensome. *See Exhibits 5, 7, 10, 13, 16, 19, 22, 25, and 28*. In their letter in response to Plaintiff's good faith letter, Defendants stated they will stand on the objections. *See Exhibit 33.* Plaintiff agreed to limit this to 3 years before the date of the incident through the present.  *See Exhibit 34*. These requests

are both narrowly tailored in time and to documents relating to surgeries, and can be produced to Plaintiff in electronic format for Defendants' convenience.  Further, Request No. 32 is only asking for documents that would have been provided by Corizon or its agents and employees to Plaintiff or other inmates and therefore it is not unduly burdensome for Defendants, as employees of Corizon, to produce them. To date, we have yet to receive any of this documentation.

37.     Request Nos. 37-38 to all individual defendants  seek information related to consultations, investigations, communications and reports of surgeries performed between 2008 and the present, excluding any information specifically discussing an individual patient's care, along with historical data of each defendant's compliance with these policies.  Defendants' objections state these requests are overbroad, unduly burdensome, vague, and not reasonably related to Plaintiff's claims.  *See Exhibits 5, 7, 10, 13, 16, 19, 22, 25, and 28*. In their letter in response to Plaintiff's good faith letter, Defendants stated they will stand on the objections. *See Exhibit 33.*   These requests are directly related to Plaintiff's claims and are within the scope of discoverable evidence, as they are reasonably calculated to lead to admissible evidence at trial. Request No. 37 is limited to documents pertaining to surgeries and Request No.38 is for documentation evidencing whether each Defendant followed his/her employer's policies, which is directly related to whether appropriate care and treatment was provided to Plaintiff. Further, these requests are directly related to whether defendants acted with deliberate indifference toward Plaintiff, and therefore are properly limited in time.  To date, we have yet to receive any of this documentation.

38.     Request No. 39 to all individual defendants  seeks copies of information that relates to any claim or report since January 2010 arising from the failure of Defendant to offer or give medical treatment or surgery to inmates.  Defendants' objections state this request is overbroad

15

and unduly burdensome.  ***See Exhibits 5, 7, 10, 13, 16, 19, 22, 25, and 28***. In their letter in response to Plaintiff's good faith letter, Defendants stated they will stand on the objections. ***See Exhibit 33.*** This request is directly related to whether Defendant has a history of failing to provide medical treatment to patients, which is in turn related to the medical treatment or lack thereof provided to Plaintiff, which is the subject matter involved in this cause of action. Therefore, it is properly limited in time.  To date, we have yet to receive any of this documentation.

39.    Request Nos. 41-42 to all individual defendants seek all written materials and documents provided to staff during orientations or other trainings regarding providing medical care, tests/screenings, surgeries to inmates, and decisions to approve or allow an inmate's requested care.  Defendants' objections state these requests are overbroad, unduly burdensome and vague. ***See Exhibits 5, 7, 10, 13, 16, 19, 22, 25, and 28***. In their letter in response to Plaintiff's good faith letter, Defendants stated they will stand on the objections. ***See Exhibit 33.***  Plaintiff agreed to limit this to 3 years before the date of the incident through the present, or to the extent there are no training materials for a particular defendant within the that time frame, the most recent training materials that pertain to that defendant. ***See Exhibit 34***. These requests are specifically related to surgeries, screenings, and medical treatment for inmates and are therefore directly related to Plaintiff's claims and are within the scope of discoverable evidence, as they are reasonably calculated to lead to admissible evidence at trial.   To date, we have yet to receive any of this documentation.

40.    Request No. 50 to all individual defendants  seeks a copy of any deposition testimony previously given by each defendant in any lawsuit or litigation associated with that defendant's employment with MSI, Corizon, or the St. Louis City Division of Corrections, which alleges malpractice or deliberate indifference.  Defendants objected stating the request is

overbroad and unduly burdensome.  ***See Exhibits 5, 7, 10, 13, 16, 19, 22, 25, and 28***. In their letter in response to Plaintiff's good faith letter, Defendants stated they will stand on the objections. ***See Exhibit 33.***  This request is sufficiently narrowed to depositions relating to each Defendant's employment with the entities at issue in the current lawsuit, and is further narrowed to two types of allegations.  To date, we have yet to receive any of this documentation.

41.     Federal case law and rules of discovery mandate the disclosure and the duty to supplement answers to requests for production.  Federal discovery rules are designed to narrow and clarify issues and to give parties mutual knowledge of all relevant facts, thereby preventing surprise.  *Shelak v. White Motor Co*., 581 F.2d 1155, 1159 (5th Cir. 1978); *See also*, *Matter of Hawaii Corp*., 88 F.R.D. 518, 520 (D. Haw. 1980).  "Generally, the purpose of discovery in civil actions is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  *U.S. ex rel. Schwartz v. TRW, Inc.,* 211 F.R.D. 388, 392 (C.D. Cal. 2002).  One purpose of discovery is to find avenues of discovering further information. *Laker Airways Ltd. v. Pan Am. World Airways,* 103 F.R.D. 22, 31 (D.D.C. 1984).  In other words, the purpose of discovery procedures is (1) to narrow issues; (2) to obtain evidence for use at trial; and (3) to secure information as to existence of evidence that may be used at trial.  *Wood v. Todd Shipyards,* 45 F.R.D. 363, 364 (S.D. Tex. 1968).  Toward this end, the procedural rule governing discovery is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial.  *US. ex rel. Schwartz,* 211 F.R.D. at 392.

42.     Rule 26(e) of the Federal Rules of Civil Procedure states, "A party who has made a disclosure under Rule 26(a) or who has responded to an interrogatory, request for production, or request for admission must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or

incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court."

43.     A district court has the authority to impose sanctions against a party who fails to comply with discovery or supplement discovery.  F.R.C.P. 37; *Jones v. Illinois Cent. R. Co.,* 617 F.3d 843, 854 (6th Cir. 2010).  In *Orchestratehr, Inc. v. Trombetta*, an award of expenses was warranted for failure of defendant former employee and his current employer to produce documents, in action brought by former employer. 178 F. Supp. 3d 476 (N.D. Tex. 2016).  In that case, although defendants supplemented their response without having to be ordered to do so by the Court, after the movant attempted in good faith to obtain discovery without court action before filing, defendants did not establish that their nondisclosure, responses, or objections were substantially justified or that other circumstances made such an award unjust.  *Id.*

44.     Plaintiff's counsel has made a good faith effort to resolve these discovery disputes with counsel for Defendant without intervention of this Court, and has been unable to do so.

45.     Pursuant to Fed.R.Civ.P. 37(a)(1) Plaintiff certifies that on April 2, 2019 at approximately 4:30 p.m. Plaintiff's counsel, Lara Gillham, conferred with Defendant's counsel Theodore Hughes via telephone about the above and was told Defendants intend to stand on their objections to the above-referenced enumerated interrogatories and requests for production. Ms. Gillham further attempted to confer with Mr. Hughes via email on April 8, 2019, but received no response. Counsel then received an email from Mr. Hughes on April 12, 2019, stating he was withdrawing from this case.

ACCORDINGLY, Plaintiff respectfully requests this Court grant Plaintiff's Motion and compel Defendants Corizon, LLC, Dr. Reynal Caldwell, Dr. Fe Fuentes, Dr. Brenda Mallard, Roschell Norton, Danyelle Sullivan, Richard White, Angie Wyatt, Beverly Hatcher, and Lacinda

Jones to provide full and complete answers to Plaintiff's discovery, a privilege log, and for all other relief deemed just and appropriate by the Court.

BROWN & CROUPPEN, P.C.

BY:   _/s/ Andrea McNairy_
            Andrea McNairy, #58558MO
            Lara L. Gillham, #67320MO
            One Metropolitan Square
            211 N. Broadway, Ste. 1600
            St. Louis, MO 63102
            (314) 561-6319
            (314) 421-0359 (Fax)
            Attorneys for Plaintiff
            andream@getbc.com
            LaraG@getbc.com
            pipleadings@getbc.com

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 12th day of April, 2019, a true and correct copy of the foregoing was served via the Court's electronic filing system as well as email upon all counsel of record.

_/s/ Andrea McNairy_