UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE DRUMMER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-01170-AGF |
| | ) | |
| CORIZON, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on Plaintiff Lawrence Drummer, Jr.'s motion for sanctions. ECF No. 106. Defendants[1] oppose the motion. ECF No. 107. For the reasons set forth below, the motion for sanctions will be granted in part and denied in part.

**BACKGROUND**

This prisoner civil rights case was filed by Plaintiff, who was at that time proceeding pro se, on July 18, 2016. He named as Defendants certain medical professionals who treated him at the prison, including Dr. Fe Fuentes, Dr. Brenda Mallard, and Nurse LaCinda Jones.

---

[1] "Defendants" references Corizon, LLC, Reynal Caldwell, M.D., Brenda Mallard, M.D., Fe Fuentes, M.D., Beverly Hatcher, Roschell Norton, Richard White, Angie Wyatt, LaCinda Jones, and Danyelle Sullivan. Several other defendants have been named in the lawsuit, but have not answered.

1

The Court appointed Plaintiff's counsel to represent Plaintiff in this matter on August 14, 2017. Since then, the parties have exchanged discovery and various discovery disputes have necessitated resolution by the Court and extensions of case deadlines. The following is a recitation of facts relevant to the instant motion for sanctions.

On November 30, 2017, Defendants provided Plaintiff with 860 pages of initial disclosures, including Plaintiff's medical records and informal grievance requests. On March 20, 2018, Plaintiff served his first set of discovery requests. Discovery disputes ensued and ultimately resulted in Plaintiff filing a motion to compel on April 12, 2019. Meanwhile, Plaintiff proceeded with the depositions of Dr. Mallard and Ms. Jones on March 15, 2019, and later, Dr. Fuentes on April 29, 2019. Three days before Dr. Fuentes's deposition, Defendants provided Plaintiff with 226 pages of discovery materials pertaining to job descriptions, policies and procedures, and standards. Defendants provided an additional 935 pages of discovery materials after Dr. Fuentes's deposition, on May 7, 2019.

On May 8, 2019, the Court entered a lengthy order addressing the written discovery disputes raised in Plaintiff's motion to compel. On May 23, 2019, Defendants provided Plaintiff with 1,496 pages of additional discovery materials related to Corizon's orientation materials and its policies and procedures. On June 4, 2019, Defendants sent a notice of intent to serve a subpoena on the St. Louis City Justice Center. ECF No. 107-3.

On June 15, 2019, two days before Corizon's corporate representative deposition, Defendants provided Plaintiff with 2,308 pages of discovery materials relating to the

upcoming deposition. On the morning of the corporate representative deposition, Defendants sent Plaintiff more relevant documents. Most recently, on July 2, 2019, Defendants filed their second supplemental answers to Plaintiff's discovery requests, including 94 pages of offsite log sheets, Plaintiff's call logs, employee agreements, and W-2s.

Plaintiff contends that Defendants' untimely production included offsite treatment logs, Plaintiff's call logs wherein he discusses his lack of medical treatment, communications between Dr. Mallard and the regional medical director pertaining to Plaintiff's scheduled surgery being missed, Corizon policies pertaining to when to refer inmates for outside medical treatment, job descriptions of several defendants, documents referencing Ms. Jones failing to respond to Plaintiff's grievance complaint, and grievance records that Plaintiff was told did not exist.

On August 1, 2019, Plaintiff filed this motion for sanctions for Defendants' piecemeal document production that occurred over the course of one year, as well as their failure to provide many of the requested documents as part of their initial disclosures. Plaintiff asks the Court to strike the Corizon Defendants' answers and affirmative defenses for their unfair document production delay tactics, which resulted in Plaintiff's inability to use relevant materials during the depositions of Ms. Jones,[2] Dr. Fuentes, Dr. Mallard, and Corizon's corporate representative.

Defendants respond that they have worked diligently and in good faith to answer Plaintiff's requests for production of documents, which numbered over 500 and which,

---

[2] The parties do not specify when this Defendant's deposition was taken.

according to Defendants, sought materials beyond the scope of Plaintiff's alleged constitutional violations.  Further, Defendants maintain that several of the documents requested were in the possession of a third party, which necessitated a subpoena and caused a delay in production.  Defendants maintain that they sent subpoenas to obtain those records and produced them upon receipt.

In reply, Plaintiff contends that he has been substantially prejudiced by Defendants' late disclosures and demands reimbursement for deposition preparation, court reporting services, and time spent preparing his motion to compel, totaling $9,612.68.

## DISCUSSION

"The Court's authority to sanction a party for its discovery misconduct flows from its inherent power to 'manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases, including fashion[ing] an appropriate sanction for conduct which abuses the judicial process.'" *HM Compounding Servs., LLC v. Express Scripts, Inc.*, 349 F. Supp. 3d 794, 799 (E.D. Mo. 2018) (quoting *Knapp v. Convergys Corp.*, 209 F.R.D. 439, 442 (E.D. Mo. 2002)).  Pursuant to Federal Rule of Civil Procedure 37, a district court has broad discretion to impose sanctions for discovery violations, *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976), including "entering default judgment, striking pleadings, providing an adverse jury instruction, or awarding attorney's fees and costs." *Lapidus v. Life Ins. Co. of N. Am.*, No. 4:18CV01291 JCH, 2019 WL 2525648, at *2 (E.D. Mo. June 19, 2019).  In

short, "the Court may order whatever sanctions are necessary to cure the prejudice. *Paisley Park Enterprises, Inc. v. Boxill*, 330 F.R.D. 226, 232 (D. Minn. 2019).

Here, the Corizon Defendants failed to timely produce documents in advance of several depositions important to Plaintiff's case. Plaintiff propounded his discovery requests in March 2018, and Defendants had ample opportunity to timely disclose those documents. However, Defendants failed to do so, instead disclosing documents to Plaintiff in a piecemeal fashion. Although Defendants contend that the acquisition of numerous documents required service of a subpoena to a third party, the record demonstrates that Defendants waited until June 4, 2019, to serve the St. Louis City Justice Center with a notice of intent to serve a subpoena.

Further, with regard to Corizon's corporate representative deposition, Defendants provided 2,308 pages of documents just two days before the deposition, several documents on the day of the deposition, and 94 documents after the deposition. Defendants do not dispute that these documents were relevant, nor have they shown good cause for the delay. Thus, the Court finds that this pattern of delay prejudiced Plaintiff and constitutes sanctionable conduct.

The Court will not, however, grant Plaintiff's motion to the extent he asks the Court to strike the Corizon Defendants' answers and affirmative defenses and reimburse his attorneys for costs related to taking four depositions and Plaintiff's motion to compel. The Court does not find that the Corizon Defendants acted willfully or in bad faith to justify such a harsh penalty. *See Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999) (holding that striking a party's pleadings under Rule 37 is within the range of

appropriate sanctions when a party demonstrates "blatant disregard of the Court's orders and the discovery rules" or "engag[es] in a pattern of deceit").

The Court is cognizant of the fact that Plaintiff has collectively served 250 interrogatories and over 500 requests for production of documents to Defendants in this case, which would prove an onerous task for any party in a lawsuit.  Further, the Court understands that some of the delay was the result of Defendants sending subpoenas and waiting for responses, although it appears from the record that service of those subpoenas was also untimely.   Moreover, the Court notes that Plaintiff chose to proceed with the depositions of Dr. Mallard and Dr. Fuentes, despite his knowledge that he did not have in his possession all documents requested.

Thus, the Court concludes that if Plaintiff wishes to conduct any supplemental depositions regarding the documents not timely produced, Defendants shall pay the costs of those depositions and make those deponents available on an expedited schedule.  The Court believes that this sanction is proportionate to the conduct alleged.  *See HM Compounding Servs., LLC*, 349 F. Supp. 3d at 800 ("The choice of sanction should be guided by the 'concept of proportionality' between offense and sanction.").  The Court will deny Plaintiff's motion to the extent it seeks any other sanctions.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for sanctions is **GRANTED in part and DENIED in part**, as set forth in this Order.  ECF No. 106.

**IT IS FURTHER ORDERED** that, on or before **August 16, 2019**, Plaintiff shall advise counsel for Defendants whether he wishes to take any supplemental depositions. Defendants shall make a good faith effort to produce any witnesses for a supplemental deposition within three (3) weeks thereof, or as may be agreed by counsel, at Defendants' cost.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2019.